**Richard HARRIS, Appellant,**

v.

**Julius CUYLER, Superintendent, and Edmund J. Gaffney, M.D.**

No. 81–1575.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Oct. 26, 1981.

Decided Nov. 24, 1981.

Alan L. Director, Philadelphia, Pa., for appellant.

Maria Parisi Vickers, John O. J. Shellenberger, Deputy Attys. Gen., Eastern Regional Director, LeRoy S. Zimmerman, Atty. Gen., Philadelphia, Pa., for appellees.

Before ADAMS, VAN DUSEN and SLOVITER, Circuit Judges.

**OPINION OF THE COURT**

SLOVITER, Circuit Judge.

This is an appeal from a judgment dismissing with prejudice a civil rights action

filed by plaintiff-appellant, Harris, an inmate at the State Correctional Institution at Graterford, Pennsylvania, in which he charged the superintendent and chief medical officer of the institution with various alleged instances of mistreatment and failure to provide medical care. Plaintiff sought leave to proceed *in forma pauperis*, and filed a sworn Affidavit and Oath of Poverty in which he averred that he had less than one hundred dollars ($100.00) in his prison account. The district court granted Harris leave to proceed *in forma pauperis*, scheduled a preliminary injunction hearing, and appointed counsel to represent him.

Defendants moved to dismiss the complaint with prejudice on the ground that plaintiff's statement of poverty was untrue. Defendants submitted evidence of plaintiff's inmate account which showed plaintiff had a balance of $19,368.94 on January 16, 1981, the date he signed his oath of poverty. In a memorandum in opposition to the motion to dismiss, Harris' court-appointed counsel admitted the balance in the prison account but contended that these "funds, derived from a lawsuit, were designated for a specific purpose, namely, the care and support of his late mother [who died February 17, 1981], his brother and sister, his wife, and his two children." Without a hearing on the merits of the motion and without making findings or issuing an opinion, the district court dismissed the complaint with prejudice. Plaintiff appealed, seeking leave either to proceed with retained counsel or, in the alternative, to refile the action *ab initio*.

Pursuant to 28 U.S.C. § 1915(a) (1976), the trial court may authorize the commencement of a civil action without prepayment of fees and costs by a person who "makes affidavit that he is unable to pay such costs or give security therefor." The statute further provides that the court may "dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d).[1]

The statute does not specify whether dismissal should be with or without prejudice. We are apparently presented with a case of first impression, since no case has been called to our attention, nor have we located one, in which the court has discussed whether a dismissal under § 1915(d) for a false allegation of poverty was to be ordered with or without prejudice.[2] Furthermore, we find no congressional history to illume this question.

■ Although we recognize that we are proceeding without any explicit congressional guidance, we nonetheless believe that the absence of any specific limitation imposed by Congress on the power of the district court to dismiss the action is an indication that Congress intended to give the district courts broad discretion to determine the nature of the dismissal under § 1915(d). The fact that Congress expressly provided for dismissal of frivolous claims, notwithstanding the already extant Fed.R. Civ.P. 12(b)(6) which covers similar ground,[3]

1. Under 28 U.S.C. § 1746 (1976), it is sufficient if the plaintiff makes an unsworn declaration under the penalty of perjury. The declaration avoids the difficulty, sometimes encountered, of finding a notary public in the prison to notarize the request for leave to proceed *in forma pauperis*.

2. In those cases where the district court has dismissed plaintiff's claim after determining that the affidavit of poverty was untrue or that the amount of assets disclosed did not warrant *in forma pauperis* status, there has been no indication that the dismissal was with prejudice. *See, e. g., Ward v. Werner,* 61 F.R.D. 639 (M.D.Pa.1974); *Shimabuku v. Britton,* 357 F.Supp. 825, 826 (D.Kan.1973), *aff'd,* 503 F.2d 38 (10th Cir. 1974). *See also Braden v. Estelle,* 428 F.Supp. 595 (S.D.Tex.1977). It has also been held that dismissals under § 1915(d) for "frivolous" complaints should be without prejudice so that plaintiff may file an amended complaint within a reasonable time. *Mitchell v. Beaubouef,* 581 F.2d 412, 416 (5th Cir. 1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979).

3. This court has held that dismissal of a suit on the ground that it is frivolous under § 1915(d) should be tested by the same standard which would customarily be applicable under the Federal Rules. *See McTeague v. Sosnowski,* 617 F.2d 1016, 1019 (3d Cir. 1980); *Lawson v. Prasse,* 411 F.2d 1203, 1204 (3d Cir. 1969).

reinforces our view that Congress sought in § 1915(d) to accommodate two interests. On one hand, it sought to achieve the laudable goal of making the judicial process available for those without means; on the other hand, it sought to minimize the burden on the courts by those litigants who misuse the opportunity afforded. Thus we conclude that a district court may, in an appropriate case, order a complaint dismissed with prejudice when the plaintiff has filed a false affidavit of poverty.

█ We turn then to examine whether the dismissal with prejudice in this case was consistent with the exercise of sound discretion. Plaintiff claims that under the circumstances of this case, such a dismissal constituted an abuse of discretion. Our review is made difficult because we do not have any expression by the district court of the reason it ordered dismissal with prejudice. Thus, for example, the record does not disclose whether the court believed that a dismissal with prejudice should automatically follow disclosure of the filing of a false affidavit of poverty. If the court failed to recognize that it had discretion in this matter, and in fact failed to exercise such discretion, then its failure to do so would be an abuse of discretion. *Ray v. Robinson*, 640 F.2d 474, 478 (3d Cir. 1981).

Furthermore, it does not appear that the plaintiff in this case was afforded an opportunity to explain the circumstances of the filing of the false affidavit of poverty. It is unclear whether plaintiff filed the affidavit which alleged he had less than one hundred dollars in his prison account because he truly believed he qualified for *in forma pauperis* status on the assumption that all excess funds were "committed" or whether he deliberately lied to the court, as appellees suggest. Indeed, we do not even know whether in fact the funds were either legally or equitably committed. There was no statement by plaintiff, either oral or written, with regard to his belief, and the trial court made no finding that plaintiff acted willfully or in bad faith. We have previously cautioned that before a case can be dismissed with prejudice, all of the pertinent circumstances must be considered. *Dyotherm Corp. v. Turbo Machine Co.*, 392 F.2d 146, 148 (3d Cir. 1968). *See Covington v. Cole*, 528 F.2d 1365, 1369 (5th Cir. 1976). Therefore we will remand this matter to the trial court so that the relevant inquiry can be made.

In determining whether this is an appropriate case for dismissal of the complaint with prejudice, the district court should consider the general principles enunciated by the Supreme Court governing dismissals with prejudice in a somewhat analogous context. In *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958), the Court noted that "there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." In reversing the dismissal of plaintiff's action for failure to produce documents which were confidential under foreign law, the Court held Rule 37 of the Federal Rules of Civil Procedure should not be construed to authorize dismissal where the party's noncompliance was due to inability, rather than to "willfulness", "bad faith", or "fault". *Id.* at 212, 78 S.Ct. at 1096. The Court reiterated its prior statement that a party should not be denied the right to assert or defend against claims as a "mere punishment." *Id.* at 210, 78 S.Ct. at 1094 (citing *Hammond Packing Co. v. Arkansas*, 212 U.S. 322, 350–51, 29 S.Ct. 370, 379–80, 53 L.Ed. 530 (1909)).

█ This court's reluctance to sustain dismissal with prejudice is exemplified by our opinion in *Dyotherm Corp. v. Turbo Machine Co.*, 392 F.2d 146, 148–49 (3d Cir. 1968), where we held that "[d]ismissal is a harsh sanction which should be resorted to only in extreme cases." *Accord, Glo Co. v. Murchison & Co.*, 397 F.2d 928, 929 (3d Cir.), *cert. denied*, 393 U.S. 939, 89 S.Ct. 290, 21 L.Ed.2d 276 (1968); *Peardon v. Chapman*, 169 F.2d 909, 913 (3d Cir. 1948). Other courts of appeals have held that dismissal with prejudice should be ordered under

Rule 41(b) "only in the face of a clear record of delay or contumacious conduct by the plaintiff," *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967), or "upon a serious showing of willful default." *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957). *See also Mitchell v. Beaubouef*, 581 F.2d 412 (5th Cir. 1978), *cert. denied*, 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); *Moore v. St. Louis Music Supply Co., Inc.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Finley v. Parvin/Dohrmann Co., Inc.*, 520 F.2d 386, 391 (2d Cir. 1975); *Syracuse Broadcasting Corp. v. Newhouse*, 271 F.2d 910, 914 (2d Cir. 1959). While some courts have differed as to whether dismissal with prejudice should be ordered because of perjured testimony,[4] we believe the appropriate inquiry which must be made is the same as that made by the Supreme Court in *Societe Internationale*. There the Court stated that the district court must find that plaintiff has engaged in conscious or intentional acts or omissions before it can order plaintiff's action dismissed with prejudice under Rule 37. 357 U.S. at 212, 78 S.Ct. at 1095. We believe that requirement should be equally applicable to dismissals under § 1915(d). Of course, once the district court makes that predicate finding, it remains free to decide whether, on consideration of all the circumstances, dismissal with prejudice is the appropriate sanction.

For the foregoing reasons, we will vacate the order dismissing plaintiff's action with prejudice and remand this matter so that the district court may determine, in accordance with this opinion, whether any sanction should be imposed for filing the concededly untrue affidavit of poverty and, if so, whether it should be the severe sanction of dismissal with prejudice or some lesser sanction.[5]

---

**4.** In *Mas v. Coca-Cola Co.*, 163 F.2d 505, 508 (4th Cir. 1947), the court justified a dismissal on the ground that the perjury was directed to the very cause of action plaintiff asserted in that case. In other instances, notwithstanding the untrue statements or testimony, the courts have been unwilling to dismiss with prejudice. *Russell v. Casebolt*, 384 S.W.2d 548, 553 (Mo. 1964); *Parham v. Kohler*, 134 So.2d 274, 276 (Fla.App.1961).

**5.** The statute governing court-appointed counsel for criminal defendants provides, in part:
    If at any time after the appointment of counsel ... the court finds that the person is financially able to obtain counsel or to make partial payment for the representation, it may terminate the appointment of counsel or authorize payment as provided in subsection (f) [payment by the accused to appointed counsel], as the interests of justice may dictate.
18 U.S.C. § 3006A(c) (1976). There is no directly comparable provision in 28 U.S.C. § 1915(d). In cases where the trial court has dismissed an action under Fed.R.Civ.P. 41(b), the courts have held that the trial court has broad discretion to consider sanctions less stringent than dismissal with prejudice. *Graves v. Kaiser Aluminum & Chemical Co.*, 528 F.2d 1360, 1362 (5th Cir. 1976); *Connolly v. Papachristid Shipping Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974). *See* 5 Moore's Federal Practice ¶ 41.12, at 41–167 (2d ed. 1981).