**Robert H. JONES, Plaintiff,**

v.

**Karl SMITH & Pennsylvania Housing Finance Agency, Defendants.**

Civ. A. No. 82–283.

United States District Court,
M.D. Pennsylvania.

March 15, 1983.

Plaintiff's action with prejudice for consistent abuse of the discovery process.

## II. DISCUSSION

### A. The Applicable Legal Principles

■ This court is well aware that dismissal with prejudice of a party's complaint is a harsh sanction, to be resorted to only in extreme cases. *Harris v. Cuyler,* 664 F.2d 388, 390 (3d Cir.1981). Our authority to dismiss an action for abuse of the discovery process is pursuant to Federal Rule of Civil Procedure 37(b). *Societe Internationale Pour Participations Industrielles v. Rogers,* 357 U.S. 197, 206, 78 S.Ct. 1087, 1093, 2 L.Ed.2d 1255 (1958); Fed.R.Civ.P. 37(b). Dismissal, as a sanction, is within the court's sound discretion. *Digregorio v. First Rediscount Corporation,* 506 F.2d 781 (3d Cir.1974). Nevertheless, we must give full regard for the severity of the sanction, granting dismissal sparingly and only when less drastic alternatives have been explored. *Ramsey v. Bailey,* 531 F.2d 706, 798 (5th Cir.1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977).

While dismissal with prejudice is a severe sanction, it "must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (per curiam). The sanction of dismissal "must be tempered by the careful exercise of judicial discretion to assure that its imposition is merited. However, where one party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice, the application of even so stringent a sanction is fully justified and should not be disturbed." *Digregorio,* 506 F.2d at 788, *quoting, Trans World Airline, Inc. v. Hughes,* 332 F.2d 602, 614 (2nd Cir.1964).

Robert H. Jones, Princeton, N.J., for plaintiff.

Mollie A. McCurdy, Deputy Atty. Gen., Trent Hargove, Asst. Counsel, Pa. Housing Finance Agency, Harrisburg, Pa., for defendants.

### MEMORANDUM

HERMAN, District Judge.

## I. INTRODUCTION

On March 15, 1982, Plaintiff, an attorney who is appearing pro se, filed a complaint that revolves around his dismissal from employment with the Pennsylvania Housing Finance Agency (PHFA). Plaintiff alleged that his dismissal was racially motivated, that the letter terminating his employment with PHFA was libelous, and that the dismissal deprived Plaintiff of the right to run for the office of Dauphin County District Judge.

From the inception of this action, this case has been fraught with errors, delays, and disobedience to court rules and orders. Defendants now move this court to dismiss

■ Dismissal cannot be imposed as mere punishment under Rule 37(b).[1] *Harris,* 664 F.2d at 390; *Digregorio,* 506 F.2d at 789. Nor can a court order an action dismissed for a party's failure to comply with a discovery order when such noncompliance is due to inability, and not willfulness, bad faith, or any fault of the petitioner. *Societe Internationale Pour Participations Industrielles v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958); *Donnelly v. Johns-Manville Sales Corp.,* 677 F.2d 339 (3d Cir.1982). The Supreme Court has recognized dismissal as an appropriate sanction, however, when a party's practices exemplify flagrant bad faith or a counsel's conduct demonstrates a callous disregard of the responsibilities counsel owes to the court and to his opponents. *National Hockey League v. Metropolitan Hockey Club, Inc.,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976) (per curiam). Similarly, dismissal is warranted when there is a clear record of delay or contumacious conduct by the plaintiff. *Donnelly,* 677 F.2d at 342. Before ordering dismissal, the court must find whether Plaintiff engaged in conscious or intentional acts or omissions. *Harris,* 664 F.2d at 391.

■ In considering this drastic sanction, we are compelled to examine all pertinent circumstances of the case and to consider whether less severe sanctions would better serve the interests of justice. *Donnelly,* 677 F.2d at 342; *Harris,* 664 F.2d at 390. Additionally, we must keep in mind the sound social policy of deciding cases on their merits. Against this policy, we must balance considerations of sound judicial administration. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). Leniency is but one factor to be weighed against the need to deter parties from abusing the discovery process. *National Hockey League,* 427 U.S. at 642, 96 S.Ct. at 2780.

■ Other factors which must be balanced are the degree of the plaintiff's personal responsibility for the delay, the amount of prejudice the defendant suffers as the result of the delay, the extent of any history of proceeding in a dilatory manner, and the effectiveness of less severe sanctions. *Donnelly,* 677 F.2d at 342, *citing, Davis v. Williams,* 588 F.2d 69, 70 (4th Cir. 1978). Moreover, we must examine whether the plaintiff has done all that a reasonable man could do to comply with discovery orders under the circumstances. *Societe Internationale Pour Participations Industrielles,* 357 U.S. at 201, 78 S.Ct. at 1090. Upon balancing these factors and considerations, we must articulate our reasons for the sanction we impose. *Quality Prefabrication, Inc. v. Daniel J. Keating Co.,* 675 F.2d 77, 78 (3d Cir.1982).

### B. Defendants' Asserted Grounds for Dismissal

■ In their motion to dismiss Plaintiff's action with prejudice, filed November 22, 1982, Defendants allege three separate grounds to support their motion. First, Defendants claim that Plaintiff failed to appear at three scheduled and properly noticed depositions of himself by Defendants. On each occasion, Plaintiff did not notify Defendants of his intention not to appear; nor did Plaintiff seek a protective order staying the depositions. Next, Defendants contend that Plaintiff intentionally has failed to submit the documents this court had directed him to produce in a September 14, 1982, order. Finally, Defendants assert that Plaintiff has willfully failed to comply with our November 1, 1982, order that awarded Defendants their attorneys fees incurred because of Plaintiff's prior unjustified hindrance of the discovery process. We will address these allegations in the order presented by Defendants.

### 1. Failure to Attend Depositions

#### a. Defendants' version

Defendants claim that Plaintiff has flaunted his discovery obligations by failing

---

1. In observing that dismissal cannot be used purely as punishment, the Third Circuit Court of Appeals has stated:

Of course, all sanctions by their nature involve an element of punishment. Their function is to encourage adherence to discovery procedures. Only where the sanction invoked is more stern than reasonably necessary does a denial of due process result. *Digregorio,* 506 F.2d at 789.

to appear for the taking of his deposition on three occasions. Defendants aver that on July 30, 1982, they filed a notice of their intent to depose Plaintiff on August 27, 1982. Plaintiff did not attend the deposition nor did he notify Defendants that he would not attend. Moreover, Plaintiff did not seek a protective order to stay this deposition. The transcript of the deposition reveals that counsel for Defendants telephoned Plaintiff and that Plaintiff stated that he was aware of the deposition. Plaintiff informed counsel that he would not appear because he had a motion for a protective order pending with the court to which he had not received a response. Transcript of August 17, 1982, deposition, Docket entry 81.

On September 28, 1982, Defendants again filed a notice of the deposition of Plaintiff for October 12, 1982. Plaintiff did not appear at this deposition, did not notify Defendants of his intention not to appear, and did not seek a motion for a protective order. The transcript of this attempted deposition reveals that counsel for Defendants telephoned Plaintiff to inquire of his whereabouts. Plaintiff told counsel that he was not aware of the deposition and that his notice must have been lost. Transcript of October 12, 1982, Docket entry 82.

For a third time on October 25, 1982, Defendants noticed Plaintiff's deposition for November 4, 1982. Apparently, this deposition was cancelled.

On November 9, 1982, Defendants served a fourth notice of Plaintiff's deposition for November 16, 1982. As he had done for the first two depositions, Plaintiff did not appear at this deposition, he did not notify Defendants of his intention not to appear, and he did not seek a protective order to excuse him from attending. The transcript reflects that counsel telephoned Plaintiff and that Plaintiff stated that he had no intention of appearing. Transcript of November 16, 1982, deposition, Docket entry 83.

#### b. Plaintiff's version

Plaintiff's responsive brief filed December 8, 1982, does not address any of Defendants' factual averments. Instead, Plaintiff merely claims that he has extended every cooperative effort to facilitate discovery and that Defendants have withheld information for as long as possible.

In a document filed December 16, 1982, however, Plaintiff does briefly address Defendants' contentions. We will not recognize the arguments contained in this document, with the exception of Plaintiff's claims regarding the deposition issue, for the following reason. Although this document, docket entry 87, is captioned "Response to Defendants' Motion," Plaintiff had previously submitted an opposing brief to Defendants' motion to dismiss, to which Defendants filed a reply brief on December 13, 1982. If Plaintiff intended this December 16, 1982 document to actually be his opposing brief to the motion to dismiss, it is untimely.[2] If Plaintiff intended the document to be a reply to Defendants' reply brief, it is improperly before the court.[3]

---

**2.** Local Rule 401.6 requires responsive briefs to be filed within fifteen days after service of the movant's brief. A party who fails to comply with this rule shall be deemed not to oppose such motion. In this case, Defendants' motion to dismiss and supporting brief were filed on November 22, 1982. Hence, to oppose the motion, Plaintiff's responsive brief had to be submitted by December 10, 1982, which includes three days for mailing delays. If we construed Plaintiff's December 16, 1982 document to be his responsive brief, the brief would be untimely and we would deem the motion to dismiss as unopposed.

Plaintiff cannot claim ignorance of this rule or unfair prejudice. Plaintiff has experienced the application of this rule in prior motions before this court. See Memorandum and Order of September 14, 1982, Docket entries 61 & 62.

**3.** Local Rule 401.7 prohibits parties from filing further briefs after the submission of the movant's reply brief without leave of court. Plaintiff did not seek this court's permission to file a reply brief to Defendants' reply brief. Nor would we have granted such permission if requested. Any arguments Plaintiff desired to present could have been raised in his responsive brief. Moreover, Defendants did not assert any new issues in their reply brief.

Since this December 16, 1982 document is not properly before the court, regardless of how we construe it, we will not concern ourselves with the arguments therein, with the exception of the argument Plaintiff raises regarding the depositions.[4] We will address this aspect only because Plaintiff's contention, in part, rests upon a factual error that easily can be clarified. The argument Plaintiff makes is that he did not receive notice of the "first" deposition hearing, that the "second" deposition notice was refused because it arrived postage due, and that the "third" notice arrived with three days notice and was properly refused.

### c. The court's findings and discussion

It is clear to this court that Plaintiff has failed to respond to the issue concerning Defendants *first* deposition notice of July 30, 1982, which scheduled Plaintiff's deposition for August 27, 1982. Thus, Plaintiff has mistakingly transposed his "defenses" concerning the second, third, and fourth depositions to what he incorrectly believes were the first, second, and third depositions.

Reviewing the four attempted depositions and the various positions of the parties, we find that the first deposition scheduled for August 27, 1982, was properly noticed. Moreover, it is within this court's own knowledge that Plaintiff had notice of this deposition. At some time before the scheduled deposition, Plaintiff telephoned the court to determine if one of his pending motions protected his refusal to attend the deposition. The court essentially responded that unless Plaintiff filed a motion for a protective order, Plaintiff's nonattendance at the deposition would be at his own risk. Additionally, while the transcript of the August 27, 1982 deposition reflects that Plaintiff told counsel for Defendants on the telephone that he had sought a protective order concerning the matter, the record reveals that Plaintiff had not sought such a protective order. Thus, we find Plaintiff's

refusal to attend the first deposition to be willful and in bad faith.

The second deposition of Plaintiff was scheduled for October 12, 1982, notice being served on September 28, 1982. As the transcript of this deposition reflects, when Plaintiff did not appear, counsel for Defendants telephoned Plaintiff for an explanation. Plaintiff averred that he had not received a copy of the notice. The Clerk of Court's office and the court reporter received their copies, however. Because a factual dispute exists as to whether Plaintiff received the notice of the second deposition, we will not consider Plaintiff's failure to attend this deposition in resolving the motion to dismiss.

Similarly, we will not consider the third deposition since Defendants have not cited it in their motion to dismiss. Apparently, it is this deposition notice that arrived postage due which Plaintiff refused to accept.

Finally, on November 9, 1982, Defendants served Plaintiff with a notice of a fourth deposition of Plaintiff for November 16, 1982. Plaintiff claims that he properly refused to appear due to the fact that the notice was sent with only three days notice.

We do not find Plaintiff's defense to be meritorious. Plaintiff is an attorney presenting his case pro se. The action centers on his accusations. Defendants had attempted to depose Plaintiff previously. Considering these circumstances, Plaintiff cannot aver in good faith that he was unprepared or that he suffered any prejudice by the notice period. Moreover, Plaintiff never sought a protective order to stay the deposition. Therefore, as with the first deposition, we find Plaintiff's conduct to be intentional and in bad faith.

Plaintiff's deliberate and willful failure to attend his depositions on the first and fourth occasion is a very serious abuse of the discovery process. Plaintiff is an expe-

---

4. Plaintiff is not prejudicially affected by our decision because, as this opinion will establish, none of Plaintiff's other arguments in the December 16, 1982, "brief" have any merit. Plaintiff's defense for failing to produce the

compelled documents narrows only upon 1982 tax returns. The defense for failing to pay the costs imposed upon himself for prior discovery abuse does not address the issue at all.

rienced attorney who certainly is cognizant of the fact that he cannot ignore depositions at his whimsy. Plaintiff did not seek a protective order on either occasion to stay his deposition. Nor has Plaintiff alleged, either at the time of the deposition or now, a single valid excuse for his failure to appear at the depositions.

Plaintiff's totally improper conduct has substantially delayed the discovery process and the effective administration of justice. The essence of Plaintiff's case involves his allegations of Defendants' misconduct and rests heavily upon his versions of conversations that allegedly occurred. Defendants have attempted since August of 1982 to depose Plaintiff in order to defend this action. With the discovery period to have ended in early October 1982, Defendants' efforts to move this action towards disposition have been to no avail.

We believe Plaintiff's intentional failure to attend his depositions exemplifies flagrant bad faith and demonstrates a callous disregard of the responsibilities Plaintiff owes to the court and to his opponents. *National Hockey League,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747. We consider Plaintiff's conduct all the more egregious due to the fact that Plaintiff is an attorney. We believe that public confidence in the law and lawyers may be eroded by the irresponsible or improper conduct of an attorney. See Code of Professional Responsibility, EC 9–2.

Before leaving this area, we note that Plaintiff's nonattendance at the first and fourth depositions violates Rule 30 of the Federal Rules of Civil Procedure. Pursuant to Rule 37(d), failure of a party to attend his own deposition authorizes the court to sanction a party pursuant to the provisions of Rule 37(b), which includes the assessment of reasonable expenses, including attorney fees. We have found that Plaintiff's failure to attend either the first or fourth deposition to be without justification.

Therefore, in addition to the sanction we are going to impose upon Plaintiff for his continuous abuse of the discovery process, we are going to impose upon Plaintiff the reasonable expenses, including attorney fees, incurred by Defendants for the August 27, 1982, and November 16, 1982, depositions.

## 2. Failure to Produce Documents

Defendants' next ground in support of their motion to dismiss is Plaintiff's failure to produce documents reflecting his income for 1981 and 1982, which this court had directed Plaintiff to produce in a September 14, 1982 order. On June 22, 1982, Defendants requested Plaintiff to produce documents reflecting his earned income for 1981 and 1982. Plaintiff objected to this request contending that the request was irrelevant, an attempt to be annoying, and an invasion of privacy. Defendants filed a motion to compel and a supporting brief on August 18, 1982. Plaintiff failed to file an opposition brief pursuant to Local Rule 401.6. As an attempt to show lenience, we construed a motion of Plaintiff's entitled "Other Motions", which peripherally touched upon the issue, as Plaintiff's opposing brief. Nevertheless, we cautioned Plaintiff to obey the Local Rules in the future.

In an order dated September 14, 1982, we found the requested documents to be relevant and we directed Plaintiff to produce the documents. Moreover, we recognized that even Plaintiff had agreed that the information was relevant. Thus, this court found Plaintiff's objections to the motion to produce documents unjustified and we ordered Plaintiff to pay the reasonable expenses incurred by Defendant in obtaining the order. To date, Plaintiff has not filed any documents of any kind that reflect his income for 1981 or 1982. Nor has Plaintiff established that he has made any reasonable good faith effort to obtain the documents.[5]

---

5. Parenthetically, we note that in other documents before the court, Plaintiff has contended that he does not have his 1982 tax returns. First, Plaintiff surely has such returns by now.

Secondly, our order did not limit Plaintiff's compliance to the submission of his tax returns. Plaintiff easily could have submitted a copy of his earning statement to date or such

We find Plaintiff's failure to provide the requested documents to be intentional and in bad faith. Plaintiff clearly has not done all that a reasonable man could do to comply with the discovery order. *Societe Internationale Pour Participations Industrielles,* 357 U.S. at 210, 78 S.Ct. at 1094. Indeed, Plaintiff has done nothing to fulfill his obligations to his opponents and to the court. The result has been further delay of the discovery process and the administration of justice. Moreover, Plaintiff's actions can only be characterized as irresponsible. In failing to obey our court order, Plaintiff has demonstrated contempt for this court. The refusal to obey a court order cannot be tolerated.

### 3. Plaintiff's Failure to Pay Costs

As their final ground in seeking dismissal of this action, Defendants assert that Plaintiff has failed to comply with this court's order of November 1, 1982. This order directed Plaintiff to pay Defendants the sum of $450.00, which were the reasonable costs incurred by Defendants in pursuing two prior discovery motions. The costs were imposed as a sanction against Plaintiff after our decision that Plaintiff had unjustifiably contested the two motions and had refused to comply with his discovery obligations. To date, no payment has been made to Defendants by Plaintiff. Nor has Plaintiff sought a stay pending a possible subsequent appeal.

Plaintiff's opposing brief to Defendants' motion to dismiss does not address this issue. In other documents before this court, however, Plaintiff claims that our order is an error that has imposed heavy financial hardship upon Plaintiff. *See, e.g.,* "Brief and Motions," Docket entry 88. We emphasize to Plaintiff that he was afforded an opportunity for a hearing on the sanction issue but that he waived his right to the hearing. *See* Docket entry 73. Therefore, Plaintiff cannot now be heard to complain. Nor can Plaintiff presently "appeal" our

order imposing costs since it is an unappealable collateral order.

For a third time, we find Plaintiff's action to be conscious, willful, and in bad faith, constituting an abuse of the discovery process and a total disregard to the rules of this court. In a letter dated November 8, 1982, counsel for Defendants warned Plaintiff that they would seek dismissal of his action if he continued his refusal to satisfy the judgment. Three months later, Plaintiff still has not paid the costs nor made any arrangements to pay them. As an attorney, Plaintiff cannot plead ignorance of the fact that his refusal to obey a court order constitutes contempt of court. Disobedience to the orders of this court is contumacious conduct. Moreover, Plaintiff's actions reflect poorly upon the legal profession.

In sum, Plaintiff's willful refusal to attend two properly noticed depositions of himself, to obey a court order compelling the production of documents, and to obey a court order and judgment to pay the costs assessed against him for his prior abuse of the discovery process is grave misconduct that warrants a severe sanction. Defendants argue that the appropriate sanction is dismissal of the action with prejudice. In considering this drastic sanction, however, we are compelled to consider many factors in determining whether dismissal is warranted. One such factor is the extent of any history of proceeding in a dilatory manner. *Donnelly v. Johns-Manville Sales Corp.,* 677 F.2d 339, 342 (3d Cir.1982). Thus, we will continue our review of the record, which will establish Plaintiff's consistent pattern of delay.

### C. Additional Evidence of Plaintiff's Bad Faith and Contumacious Conduct

An analysis of the record reveals a clear pattern of delay and contumacious conduct by Plaintiff. Throughout the proceedings Plaintiff has continuously violated the Local Rules of Court and the Federal Rules

---

other appropriate documents reflecting his income. Finally, our order concerned financial information for 1981, in addition to 1982.

Plaintiff, claiming that the Internal Revenue Service has his tax forms, certainly could have requested a copy from them.

of Civil Procedure. Moreover, Plaintiff has submitted documents and frivolous motions which have substantially delayed reaching the merits of this case. This conduct certainly evidences Plaintiff's callous disregard of the responsibilities he owes to the court and his opponents. In order to be consistent, we will point out Plaintiff's violations of rules and misconduct in chronological order.

### 1. Plaintiff's Improper Complaint

On March 15, 1982, Plaintiff filed a complaint against Defendants alleging three causes of action: defamation, racial discrimination, and deprivation of Plaintiff's right to run for the office of Dauphin County District Judge. Within the complaint, without benefit of Defendants' answer, Plaintiff moved for summary judgment on the defamation count.

In drafting the complaint, Plaintiff violated Federal Rule of Civil Procedure 10(b), which requires all averments of claim to be made in numbered paragraphs, each of which are to be limited to a statement of a single set of circumstances. Plaintiff's complaint, to the contrary, was a jumbled set of unnumbered statements. Plaintiff did not submit an amended complaint conforming to Rule 10(b) even though Defendants' answer informed Plaintiff that he had violated the rule. Additionally, the complaint violated Local Rule 107.1, which attempts to prevent prejudice by forbidding a party from claiming a specific sum where unliquidated damages are involved. Violation of this rule warrants impoundment of a complaint.

### 2. Plaintiff's Improper Interrogatories

On April 23, 1982, Plaintiff served a set of interrogatories upon Defendants that contained an excess of forty questions in violation of Local Rule 402.8. Furthermore, Plaintiff violated Local Rule 402.2 by failing to leave sufficient space after each interrogatory for insertion of an answer or objection. Defendants' counsel promptly notified Plaintiff of these errors in a letter dated April 28, 1982, and requested Plaintiff to withdraw the interrogatories. Counsel informed Plaintiff that upon submission of properly drafted interrogatories, Defendants would answer the questions.

Plaintiff's response surprised this court. First, Plaintiff argued that Defendants' letter demonstrated Defendants' *bad faith.* We find Defendants' correspondence to be just the opposite. The letter attempts to resolve discovery problems and to seek obedience to the court rules. In addition, Plaintiff gave Local Rule 402.8 a novel construction. Plaintiff claimed that merely because he had requested Defendants to permit an excess of forty questions, *even though Defendants denied permission,* he could automatically proceed and ask an excessive number. Local Rule 402.8 cannot possibly be so interpreted.

Furthermore, Plaintiff cited Local Rules 402.2, 402.3, and 402.8, as authority in support of his subsequent motion to compel. These rules, however, are the very rules that supported *denying* his motion. Although we granted Plaintiff's motion to compel, in light of the liberal purposes of discovery, we recognized the violations Plaintiff had committed and we did not condone them. In addition, in an order dated July 12, 1982, this court stressed that further discovery controversies could result in the imposition of sanctions.

### 3. Unsupported Motions and Anomalous Documents

Plaintiff has committed further acts which have delayed the proceedings and which have wasted this court's time. For example, Plaintiff moved for a pretrial conference by telephone to resolve pending discovery issues. Plaintiff did not submit the statements and proposals required by Federal Rule of Civil Procedure 26(f) and we therefore dismissed Plaintiff's motion.

On August 17, 1982, Plaintiff filed a motion seeking an order requiring all discovery requests objected to on the basis of Defendants' "Management Directive" to be produced within five days. Plaintiff failed to submit a supporting brief within ten days

as mandated by Local Rule 401.5 and the court deemed the motion withdrawn.

On August 9, 1982, Plaintiff noticed the deposition of Defendant Karl Smith which was to be held in New Jersey. In the notice and *not in a separate document,* Plaintiff moved for the deposition to be taken by nonstenographic means. Plaintiff did not file a statement of Defendants' concurrence or nonconcurrence to this motion as required by Local Rule 402.6. Nor did Plaintiff submit a brief in support of the motion or include other provisions in his motion to assure that the recorded testimony would be accurate and trustworthy. Fed.R.Civ.P. 30(b)(4). Subsequently, Defendants moved for a protective order to stay the deposition. We stayed the deposition of Smith pending submission of Plaintiff's opposing brief.

Plaintiff, in violation of Local Rule 401.6 and the indication in our August 25, 1982 order that we were awaiting his opposition brief, failed to submit such a brief.[6] Consequently, on September 14, 1982, we granted Defendants' motion for a protective order and forbade the recording of Defendant Smith's deposition testimony by nonstenographic means. Due to Plaintiff's failure to submit an opposing brief, we imposed sanctions against Plaintiff for his unjustified opposition to Defendants' motion.

To further muddy the record, on August 30, 1982, underneath his motion for a joint deposition by telephone, Plaintiff submitted another document entitled "Other Motions." We must confess that we have never quite determined what Plaintiff sought to obtain with this "motion." No supporting brief was filed by Plaintiff to clarify these obscure motions.

In another mystery document, filed September 27, 1982 by Plaintiff, Plaintiff moved "to waive his right to any hearing on the question of nonstenographic depositions." Docket entry 65. The court could not understand this for no hearing was scheduled on such an issue. The mystery was somewhat clarified when Plaintiff telephoned the court in late September of 1982. Plaintiff indicated to the law clerk that the motion was his waiver of a hearing on the issue of attorney fees. Nevertheless, in a letter dated September 30, 1982, Plaintiff wrote this court that he was waiving the right to a hearing "on the questions of the June 22, 1982 production of documents request and the nonstenographic motion, . . . ." Docket entry 70. Subsequently, Plaintiff submitted a letter that waived a hearing on the issue of the imposition of attorney fees.

### 4. Plaintiff's Motion for Summary Judgment and "Brief and Motions" Appeal

A further example of the delay Plaintiff has caused in this action is Plaintiff's motion for summary judgment on count I, his defamation count. The document Plaintiff filed on September 3, 1982, contained a blend of a motion for summary judgment and a supporting brief. By clear implication, the Local Rules require a motion and brief to be separate documents. *See* Local Rules 401.1, 401.2, 401.5. More importantly, Local Rule 401.4 requires that there be attached to the motion for summary judgment a separate concise statement of the material facts, in numbered paragraphs, as to which the moving party contend there is no genuine issue to be tried. Plaintiff did not file this document even though Defendants informed Plaintiff of the requirement in their opposing brief. In fact, Plaintiff described Defendants' attempt to obtain Plaintiff's compliance with the rule as "the most bizzare [sic] of defendants' contentions . . . ." Defendants' Reply Brief, Docket entry 66, p. 1.

Rule 56(c) requires summary judgment to be granted when the pleadings, depositions, answers to interrogatories, and admissions

---

**6.** However, on August 30, 1982, Plaintiff filed a motion seeking an order requiring Defendants and Plaintiff to take depositions of each other on the same day by telephone. Plaintiff did not submit a statement of nonconcurrence in violation of Local Rule 402.6, did not submit a supporting brief in violation of Local Rule 401.5, and did not include any provisions in his motion to assure the testimony would be recorded in a manner to guarantee accuracy and trustworthiness.

on file show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Plaintiff has totally failed to utilize any pleadings, admissions, or interrogatories to argue any meritorious basis for summary judgment. We agree with Defendants that Plaintiff's motion for summary judgment is not framed in a structured or coherent matter. Plaintiff's motion has succeeded only in delaying this action further and in needlessly wasting the court's time.

Perhaps the most flagrant example of Plaintiff's callous disregard of his responsibilities and of Plaintiff's bad faith is Plaintiff's "Brief and Motions" filed January 24, 1983. Once more, Plaintiff has failed to submit a separate motion and brief. But more importantly, this court, in addition to counsel for defendants, has been compelled by Plaintiff to squander its time to attempt to decipher this document.

In this document, Plaintiff claims to appeal the decisions of this court entered in this action on June 24, 1982, July 12, 1982, and September 14, 1982. First, it is improper procedure to "appeal" this court's orders to this court. Secondly, these orders are interlocutory and cannot be appealed to the Third Circuit. Even if Plaintiff would follow the proper procedure of certifying these orders for interlocutory appeal pursuant to 28 U.S.C. § 1292(b), such a motion would be frivolous and we would not grant it.[7]

Moreover, there is no meritorious basis whatsoever to justify the filing of this "appeal." The June 25, 1982, order dismissed Plaintiff's motion for a pretrial discovery conference because Plaintiff violated Federal Rule of Civil Procedure 26(f). Plaintiff never attempted to correct the situation and resubmit the motion. The July 12, 1982, order directed *Defendants* to file a statement of conference pursuant to Local Rule 402.6. This order did not affect Plaintiff other than its warning that future dis-

covery controversies could result in sanctions being imposed. The September 14, 1982, order concerning discovery matters was partially based upon Plaintiff's failure to submit either a supporting brief or an opposing brief on the various issues.

We conclude that Plaintiff's "appeal" is frivolous in itself. *See Ramsey v. Bailey,* 531 F.2d 706, 708 (5th Cir.1976), *cert. denied,* 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 559 (1977) (motion to file interlocutory appeal pursuant to 28 U.S.C. § 1292(b) held frivolous since no circumstances justified such a motion). We view this "appeal" as further evidence of Plaintiff's consistent pattern of delay and hinderance of the prosecution of this matter.

#### D. Dismissal: The Balancing of Considerations

It is this court's duty to consider all circumstances in determining whether dismissal is an appropriate sanction. We must balance the policy of deciding a case on its merits with the policy of sound judicial administration. *Davis v. Williams,* 588 F.2d 69, 70 (4th Cir.1978). We must weigh leniency against the need to deter parties from abusing the discovery process. *National Hockey League,* 427 U.S. at 642, 96 S.Ct. at 2780. Additionally, we must determine if the Plaintiff's conduct has been intentional and in bad faith and not merely due to inability. *Societe Internationale Pour Participations Industrielles,* 357 U.S. at 212, 78 S.Ct. at 1096. Moreover, we must balance the degree of plaintiff's personal responsibility, the prejudice the defendant has suffered, the history of dilatory conduct by the parties, and the effectiveness of less severe sanctions.

No doubt exists that Plaintiff's conduct has demonstrated flagrant bad faith. Plaintiff's actions have been intentional and contumacious and not due to inability. The record evidences a continuous course of dil-

---

7. Section 1292(b) authorizes interlocutory appeals only when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

materially advance the ultimate termination of the litigation, . . . ." 28 U.S.C. § 1292(b). The orders from which Plaintiff seeks to appeal certainly do not meet this standard.

atory conduct by Plaintiff. Discovery was to have been completed in October 1982. The delay in resolving this dispute rests solely upon Plaintiff.

Because Plaintiff, an attorney, is representing himself, Plaintiff is personally responsible for the delay. Defendants have been prejudiced by the great waste of their time and efforts in their fruitless effort to move this case towards disposition. The longer this case continues, the more the parties' memories are bound to diminish. Moreover, as stated above, the delays in this action have been caused by Plaintiff. Defendants, to the contrary, have attempted to resolve this action in good faith.

The final factor we must consider is whether less severe sanctions would serve to deter Plaintiff's abuses of the discovery process. Rule 37(b)(2)(A) provides that we may issue an order that designates facts as established for the purpose of this action. This is not an appropriate sanction in this case. Plaintiff's abuses of the discovery system do not lend themselves to being categorized as admitting any certain facts.

Similarly, the sanction provided in Rule 37(b)(2)(B) is inappropriate. If we refuse to permit Plaintiff to support his claim or to testify on his behalf at the trial, the result would be the same as dismissing the action.

Requiring Plaintiff to pay the reasonable costs incurred by Defendants for all his abuses likewise is insufficient. First, Plaintiff's failure to pay the costs we imposed earlier for his discovery abuses demonstrates the futility of that sanction. Furthermore, in Plaintiff's January 24, 1983 "Brief and Motions", Plaintiff has stated that he had no income. While we have no evidence before us to establish Plaintiff's poverty, this declaration certainly warns us that financial sanctions will not deter Plaintiff's wrongful conduct.

Nor do we find the aspect of staying further proceedings until our orders are obeyed, pursuant to Rule 37(b)(2)(C), to be sufficient. This action has already dragged on for too great a period. In light of Plaintiff's continual filing of frivolous or unsupported motions, we believe such as sanction would be of no avail.

## III. SANCTION TO BE IMPOSED

Marcus Aurelius Antoninus once stated that "to be patient is a branch of justice, . . . ." This court's patience, however, like Defendants', is at an end. We cannot permit Plaintiff to continue his willful and contumacious conduct without the administration of justice being severely damaged.

It is our opinion that dismissal of this action is the proper sanction for Plaintiff's conduct. Nevertheless, we believe that the case law of this circuit requires us to give Plaintiff one last chance—even though it is a circumscribed chance. The cases we have examined establish that before a court should dismiss an action, with the exception of totally egregious conduct, the wrongful party should be warned of the sanction of dismissal. *See, e.g., National Hockey League,* 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747; *Donnelly,* 677 F.2d 339; *Quality Prefabrication, Inc. v. Daniel J. Keating Co.,* 675 F.2d 77 (3d Cir.1982); *Bonaventure v. Butler,* 593 F.2d 625 (5th Cir.1979). Although counsel for Defendants has warned Plaintiff that it would seek dismissal of this action for his abuses, the court has never directly warned Plaintiff of the possibility of dismissal.

While we are compelled to give Plaintiff one last chance, we are not unsympathetic to Defendants' concerns. Defendants have grown weary in their futile attempts to resolve this issue, as have we. Therefore, we will dismiss this action with prejudice within twenty days of the issuance of this memorandum and order unless Plaintiff complies in good faith with the orders of this court.

Thus, within twenty days of our order, Plaintiff must arrange for his deposition by Defendants. This deposition must be completed within the twenty-day deadline. In addition, Plaintiff must answer all questions in good faith pursuant to the Federal Rules of Civil Procedure. If Plaintiff does not permit his deposition, Defendants or counsel for Defendants shall file an appro-

priate affidavit and Plaintiff's action will be dismissed with prejudice. If Plaintiff permits his deposition but does not answer the questions completely and in good faith, Defendants shall submit the transcript of the deposition with a renewed motion to dismiss. If we concur with Defendants that Plaintiff did not answer the questions in good faith, we will dismiss Plaintiff's action with prejudice.

Moreover, within twenty days of the issuance of this memorandum and order, Plaintiff must produce copies of his 1981 and 1982 tax returns to Defendants. If Plaintiff does not have such information he must submit copies of the efforts he has made to obtain such information. Additionally, unless Defendants object, Plaintiff may submit other financial documents that accurately reflect his income for 1981 and 1982.

Furthermore, within twenty days of the issuance of this order, Plaintiff must satisfy the $450.00 judgment in favor of Defendants. Plaintiff must negotiate with Defendants on a payment plan and submit a copy thereof to the court within the twenty days.

Finally, we warn Plaintiff that if he complies with all the provisions of this order, we will not tolerate any further delays or violations of court rules or orders. In light of Plaintiff's extensive record of bad faith and contumacious conduct, we will view any further violations or delays as warranting prompt dismissal.

An appropriate order will be entered.

### ORDER

AND NOW, this 15th day of March, 1983, in accordance with the memorandum released this date in the above-captioned action, IT IS HEREBY ORDERED that:

1. Pursuant to Federal Rule of Civil Procedure 37(d), Plaintiff is directed to pay to Defendants the reasonable expenses, including attorney fees, incurred by Defendants upon Plaintiff's failure to attend his depositions of August 27, 1982, and November 16, 1982.

2. Counsel for Defendants is directed to submit an affidavit and any documents establishing and justifying the reasonable expenses, including attorney fees, incurred by Defendants by Plaintiff's failure to attend his August 27, 1982, and November 16, 1982, depositions. Counsel's affidavit shall be submitted by March 25, 1983. Plaintiff shall have until 1983, to file a response, and counsel for Defendants shall have until April 6, 1983, to file a reply if so desired.

3. Plaintiff's "Other Motions", filed August 30, 1982, is denied.

4. Plaintiff's motion for summary judgment on count I of his complaint in the defamation count, filed September 3, 1982, is denied.

5. Plaintiff's "Brief and Motions", filed January 24, 1983, is denied.

IT IS FURTHER ORDERED that this action shall be dismissed with prejudice upon Plaintiff's failure to comply with the following directives within twenty (20) days of the issuance of this order:

(a) Plaintiff is ordered to arrange for his deposition by Defendants. This deposition must occur within twenty (20) days. Plaintiff is ordered to answer all questions in good faith pursuant to the Federal Rules of Civil Procedure.

If Plaintiff does not attend his deposition or if Plaintiff fails to answer the questions in good faith, Defendants shall submit the transcript of the deposition with a renewed motion to dismiss. If we concur with Defendants, Plaintiff's action will be dismissed with prejudice.

(b) Plaintiff is ordered to produce copies of his 1981 and 1982 tax returns to Defendants within twenty (20) days. If Plaintiff is not in possession of such information, Plaintiff, within twenty (20) days of this order, shall submit copies of the correspondence he has directed to the Internal Revenue Service or other appropriate agency to obtain such information.

In the alternative, Plaintiff may submit other financial documents, such as income statements, which accurately reflect his income for 1981 and 1982, if Defendants

**16**

agree, with their permission to be in writing. Defendants may withhold its acceptance of such documents pending submission by Plaintiff and review by Defendants of the reliability of such documents.

(c) Plaintiff is ordered to satisfy the $450.00 judgment, plus interest, entered in favor of Defendants pursuant to this court's order of November 1, 1982. Plaintiff must negotiate a payment plan with Defendants and submit a copy thereof to the court within twenty (20) days.

(d) Plaintiff must comply in good faith with the Federal Rules of Civil Procedure, the Local Rules of Court, and the orders of this court in the future or suffer dismissal of his complaint with prejudice.