**Joseph ACEVEDO, Plaintiff,**

v.

**Theodore C. REID, et al., Defendants.**

**No. 86 Civ. 25099 (WCC).**

United States District Court,
S.D. New York.

Nov. 19, 1986.

Prisoners' Legal Services of New York, Poughkeepsie, N.Y. (Dan Getman, Robert Selcov, David C. Leven and Ken Stephens, Law Student Intern, of counsel), for plaintiff.

Robert Abrams, Atty. Gen., New York City (Jo Ann M. Becker, Asst. Atty. Gen., of counsel), for defendants.

WILLIAM C. CONNER, District Judge:

Plaintiff pro se Joseph Acevedo, a prisoner incarcerated at the Fishkill Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 (1982) after the prison administration refused his request for an AIDS screening test following his close contact with another prisoner who later died of AIDS. Defendants charge that plaintiff made material misrepresentations in his application for *in forma pauperis* ("i.f.p.") status, and have moved to dismiss the complaint pursuant to 28 U.S.C. § 1915(d) (1982). That statute provides that "the court may request an attorney to represent any person unable to employ counsel and may dismiss the case if the allegation is untrue."

When plaintiff first filed for i.f.p. status, he failed to mention that he was receiving Veterans Benefits amounting to $100 per month from which his family sent him approximately $57 per month, as well as a small salary which he received for his prison activities. Plaintiff maintains that these errors in his filings were not the result of bad faith, but rather were innocent mistakes. Furthermore, he asserts that even with this additional income he is eligible for i.f.p. status and, accordingly, the case should not be dismissed.

Dismissal of a case with prejudice, as urged by the defendants, "is a harsh sanction which should be resorted to only in extreme cases." *Harris v. Cuyler,* 664 F.2d 388, 390 (3d Cir.1981). In *Harris,* the court of appeals vacated an order by the district court which dismissed with prejudice a prisoner's civil rights action pursuant to 28 U.S.C. § 1915(d) (1982). The district court had found that although the plaintiff claimed he had less than $100 in his prison account, he actually had over $19,000 in that account. Despite the huge and uncontroverted discrepancy, the Third Circuit held that it was error to dismiss the case absent an explicit finding of bad faith or intentional misrepresentations or omissions. Indeed, even after the district court "makes that predicate finding, it remains free to decide whether, on consideration of all the circumstances, dismissal with prejudice is the appropriate sanction." *Id.* at 391.

In the present case, there is no evidence which would indicate that plaintiff acted in bad faith. Plaintiff was assisted in the preparation of his i.f.p. application by a fellow inmate, not by an experienced attorney. Plaintiff had never filed a lawsuit before, and did not have a copy of the form of i.f.p. affidavit distributed by the Southern District of New York Pro Se Clerk's Office. It is quite possible that his omissions were the result of innocent error, not willful deceit. Certainly there is no evidence to the contrary. Furthermore, even if his additional income had been included in his application, he still would have been eligible for i.f.p. status. As of July 11, 1986, when Mr. Acevedo filed for i.f.p. status, he had approximately $21 in his inmate

accounts. That represented his total assets. Over the 10 months prior to filing this suit, Mr. Acevedo received approximately $57 per month from his Veterans Benefits and a small salary for his prison activities. Even with these monies, Mr. Acevedo would still be eligible for i.f.p. status, as the Supreme Court has recognized that one need not "contribute to payment of costs, the last dollar they have or can get" in order to enjoy the benefits of Section 1915. *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948).

For these reasons, defendants' motion to dismiss the complaint pursuant to Section 1915(d) is denied, as is their motion for attorney's fees.

SO ORDERED.