**DLD-054**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2511
_____

DOMINIC BLACK,
                    Appellant

v.

PENNSYLVANIA BOARD OF PROBATION & PAROLE; LISA MOSER;
KIMBERLEY A. BARKLEY; JUDGE ANDREW DOWLING, Court of Common Pleas
of Dauphin County
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-15-cv-00147)
District Judge:  Honorable Richard P. Conaboy
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2017

Before: JORDAN, SHWARTZ and KRAUSE, Circuit Judges

(Opinion filed: November 28, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Dominic Black appeals pro se from the District Court's dismissal of his complaint without prejudice for failure to prosecute. We will summarily affirm because no substantial question is presented by this appeal.

Dominic Black, currently an inmate at the State Correctional Institution, Camp Hill, filed this pro se civil rights action in January 2015. On April 24, 2015, the District Court dismissed all claims against one of the Defendants, Judge Andrew Dowling. The remaining claims were asserted against the Pennsylvania Board of Probation and Parole and two of its officials. Black alleged that the procedures employed by the Parole Board regarding his application for reparole and maximum term of confinement violated the U.S. Constitution.

On February 26, 2016, the District Court granted Black's request for leave to file an amended complaint, and he was instructed to file a "single all inclusive amended complaint solely regarding the surviving allegations set forth in the Original Complaint against the Remaining Defendants." Dkt # 60, at 3. The Order stated that Black's complaint would be dismissed for failure to prosecute if he failed to timely submit an amended complaint. Black filed two subsequent motions for leave to file an amended complaint in March of 2016 but did not file an amended complaint.

By order entered October 17, 2016, the District Court dismissed Black's complaint without prejudice for failure to prosecute, since Black had failed to file a single all-inclusive amended complaint. In this order, the District Court also dismissed as moot the

2

two pending motions seeking leave to file an amended complaint. On October 31, 2016, Black filed both a motion for reconsideration and a motion to amend/correct his complaint. On June 27, 2017, the District Court denied Black's motion for reconsideration and dismissed his motion to amend/correct his complaint as moot. Black has appealed these orders.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's decisions for abuse of discretion. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992) (dismissal orders); Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (order denying motion for reconsideration).

A district court has authority to dismiss a suit for failure to prosecute under Federal Rule of Civil Procedure 41(b), but should do so sua sponte only when it has "acquired knowledge of the facts it needs to make an informed decision." Briscoe v. Klaus, 538 F.3d 252, 258 (3d Cir. 2008); see also Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982). Prior to determining that dismissal is an appropriate sanction, a district court must balance the following six factors: "(1) the extent of the *party's* personal *responsibility*; (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party . . . was *willful* or in *bad faith*; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions*; and (6) the *meritoriousness* of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). Not all of these factors must be satisfied

3

in order to justify dismissal, Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003), and no single factor is determinative, see Hicks v. Feeney, 850 F.2d 152, 156–57 (3d Cir. 1988).

We agree with the District Court's assessment of the Poulis factors. As the District Court explained, Black himself requested leave to file an amended complaint to include allegations that had been omitted from the initial complaint; he therefore considered amendment necessary. As a pro se litigant, he was personally responsible for following through with his request and for complying with the Court's orders. See Briscoe, 538 F.3d at 258–59. As noted by the District Court, "based upon Black's own representations the surviving claims against the [r]emaining [d]efendants should not be allowed to proceed." Dkt # 75, at 4. Black was advised by the Court that he needed to submit a single all-inclusive amended complaint, he was granted a reasonable period of time to do so, and he was supplied with a form civil rights complaint. As noted by the District Court, his failure to file an amended complaint shows not only dilatoriness but willfulness under the circumstances. As the District Court concluded, other sanctions were not available because the matter could not proceed without an adequate amended complaint filed by Black. Dkt # 75, at 5 (explaining that adjudication of the case is not possible "based upon Black's own representations to the Court this matter cannot proceed without the filing of an adequate amended complaint"). Though not mentioned by the District Court, we have recognized that alternative sanctions, including monetary sanctions, would not be an effective alternative for plaintiffs who are proceeding in forma

4

pauperis, like Black. See Briscoe, 538 F.3d at 263. Finally, we note that Black's complaint was dismissed without prejudice, and with leave to file a proper proposed amended complaint within fourteen days; he thus was provided an opportunity to amend his present complaint or file a new complaint. Under these circumstances, we are satisfied that sua sponte dismissal without prejudice was appropriate.

A motion for reconsideration may be used "to correct manifest errors of law or fact or present newly discovered evidence." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). We agree with the District Court that Black failed to present any errors or law or fact, or introduce newly discovered evidence or precedent. Though Black claims that he did not receive the District Court's order granting his request to file an amended complaint, which could constitute a basis for granting relief under Rule 60(b), Fed.R.Civ. P., the District Court concluded that this assertion was contradicted by Black's own actions and the record before the court. Dkt # 87, at 3.

For the foregoing reasons, we conclude that the District Court did not abuse its discretion in dismissing Black's complaint or denying his motion for reconsideration.

Accordingly, we will affirm the District Court's orders.