677 F.2d 339
 Edmund J. DONNELLY, Appellant,
v.
JOHNS-MANVILLE SALES CORPORATION; Fibreboard Corporation;
Owens-Corning Fiberglas Corporation; The Celotex
Corporation; Eagle-Picher Industries, Inc.; Armstrong Cork
Company; GAF Corporation; Keene Corporation; Unarco
Industries, Inc.; Raybestos-Manhattan, Inc.
 No. 81-2505.
 United States Court of Appeals,
Third Circuit.
 Submitted under Third Circuit Rule 12(6) March 29, 1982.
Decided May 3, 1982.
 
 R. Alan Aslaken, Haddonfield, N.J., for appellant.
 Robert M. Graham, Graham, Golden, Lintner & Tothschild, Somerville, N.J., for appellee, Fibreboard Corp.
 George P. Moser, Jr., Moser, Roveto, McGough & von Schaumburg, Union City, N.J., for appellee, Armstrong World Industries.
 Steven A. Weiner, Budd, Larner, Kent, Gross, Picillo & Rosenbaum, Newark, N.J., for appellee, Johns-Manville Sales Corp.
 Kathleen F. Moran, Morgan, Melhuish, Monaghan & Spielvogel, Livingston, N.J., for appellee, Raybestos-Manhattan, Inc.
 Anthony J. Marchetta, Hannoch, Weisman, Stern, Besser, Berkowitz & Kinney, P.A., Newark, N.J., for appellee, GAF Corp.
 Before GIBBONS, SLOVITER and BECKER, Circuit Judges.OPINION OF THE COURT
 SLOVITER, Circuit Judge.
 
 
 1
 Plaintiff who worked as an asbestos insulation installer for many years filed suit on December 30, 1980 against ten corporations engaged in the mining, processing and/or manufacturing, sale and distribution of asbestos and asbestos insulation products, alleging that he has suffered injuries proximately caused by his exposure to asbestos products designed, manufactured, and sold by defendants. The complaint alleges breach of express and implied warranties by defendants, negligence, and that the products in question were unreasonably dangerous because they were defective and because of defendants' failure to adequately warn. For reasons which do not appear on the record, the action was filed in the United States District Court for the Eastern District of Texas by Texas counsel retained by plaintiff. On March 6, 1981 on motion of defendant Johns-Manville Sales Corporation the action was ordered transferred to the United States District Court for the District of New Jersey, Newark Division, the district and division in which plaintiff resides.
 
 
 2
 Once transferred, the Clerk of the District Court of New Jersey mailed to all counsel, including plaintiff's, a Notice of Allocation and Assignment, filed March 12, 1981, which advised that the action was being allocated to Trenton and assigned to Judge Ackerman. The following appears at the bottom of that notice:
 
 
 3
 The Court has Directed that counsel be informed that there will BE STRICT ENFORCEMENT OF GENERAL RULE 15 of the local rules of this court, (completion of discovery proceedings), and sanctions may be imposed for failure to comply with the rule and orders entered pursuant thereto: including DISMISSAL OF THE ACTION and SUPPRESSION OF THE DEFENSE.
 
 
 4
 Please be advised that you must obtain local counsel from New Jersey pursuant to our General Rules. You should obtain counsel in 20 days from receipt of this letter, if not, it may be subject to dismissal.
 
 
 5
 App. at 13a (emphasis in original). An order to show cause signed by Judge Ackerman was filed June 1, 1981 directing plaintiff's counsel to show cause why the action should not be dismissed for failure of plaintiff to abide by the instruction of the court to have local counsel file an appearance within 20 days of the receipt of the notice of allocation and assignment. The order to show cause was made returnable on June 15, 1981 at 10:00 a. m. Hearing nothing from plaintiff's Texas counsel, Judge Ackerman had his clerk call the Texas office of plaintiff's counsel to advise counsel that the matter would be dismissed if no action was taken by counsel.
 
 
 6
 At the time and return date of the order to show cause, no counsel appeared on behalf of plaintiff, and the court ordered the complaint dismissed. At approximately 3:00 p. m. on that date local counsel telephoned Judge Ackerman and advised him that he would be entering his appearance on behalf of plaintiff. Nonetheless, on the following day, June 16, 1981, the court signed the order dismissing the action. Plaintiff appeals.
 
 
 7
 Initially, we note that the order dismissing the action was made without prejudice, without sanctions, and without costs. Under ordinary circumstances, a dismissal of the complaint without prejudice would cause plaintiff no adverse consequences. However, plaintiff's counsel has stated that suit was filed in Texas as the statute of limitations was about to expire and that by the time the suit was dismissed in New Jersey the statute of limitations had run. He claims, without any contradiction by defense counsel, that in reality the order had the inevitable effect of a dismissal with prejudice, and we will so treat it.
 
 
 8
 We assume that in this case, the court dismissed the action pursuant to Rule 41(b) which governs involuntary dismissals and provides, in part, "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him." Fed.R.Civ.P. 41(b).[1] The rule does not explicitly provide for sua sponte dismissals by the court, but we believe that it is broad enough to authorize such dismissals on the same basis as it authorizes dismissals upon motion of the defendant. Although the original order dismissing the action was not accompanied by reasons setting forth the basis of such dismissal,[2] the court set forth its rationale for the dismissal at the hearing on plaintiff's motion for reinstatement of the complaint which had been filed within two days of the dismissal. At the hearing, the court stated:
 
 
 9
 I hope I have indicated on the record that I really feel that counsel's conduct in this case, in terms of ignoring the orders of this court with respect to getting local counsel making an appearance in this court, in light of two written notices, and one personal telephone call, is sufficiently egregious in my judgment so as to cause me to deny the motion made today by plaintiff to reopen this matter.
 
 
 10
 App. at 43a. The court's statement, albeit ambiguous, is susceptible of being construed as indicating that dismissal in this case was imposed as "punishment", a procedure which the Supreme Court has disapproved. See Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 210, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958); Hammond Packing Co. v. Arkansas, 212 U.S. 322, 350-51, 29 S.Ct. 370, 379-80, 53 L.Ed. 530 (1909). We, however, rest our decision on another basis.
 
 
 11
 Before proceeding to consider the merits in this action, we note at the outset that the district judge to whom this case had been assigned and whose order is under review has performed Herculean tasks in coping with the extensive number of asbestos litigation cases which are pending in the United States District Court in New Jersey, most of which have been assigned to him. It may be that because of the sheer number of such cases, the district court felt that it was necessary to signal all counsel that the pretrial orders of the court must be fully and timely complied with in order that the cases can be expeditiously processed toward disposition. The need for such compliance is self-evident. However, we are still required to consider whether this particular dismissal, the only matter in which this plaintiff is interested, was within the sound exercise of the district court's discretion.
 
 
 12
 In a recent opinion, this court has indicated its disinclination to deprive a plaintiff of the right to have his or her claim adjudicated on the merits. In Harris v. Cuyler, 664 F.2d 388, 390 (3d Cir. 1981), we stated:
 
 
 13
 In determining whether this is an appropriate case for dismissal of the complaint with prejudice, the district court should consider the general principles enunciated by the Supreme Court governing dismissals with prejudice in a somewhat analogous context. In Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 209 (78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255) (1958), the Court noted that "there are constitutional limitations upon the power of courts, even in aid of their own valid processes, to dismiss an action without affording a party the opportunity for a hearing on the merits of his cause." In reversing the dismissal of plaintiff's action for failure to produce documents which were confidential under foreign law, the Court held Rule 37 of the Federal Rules of Civil Procedure should not be construed to authorize dismissal where the party's noncompliance was due to inability, rather than to "willfulness", "bad faith", or "fault". Id. at 212 (78 S.Ct. at 1096). The Court reiterated its prior statement that a party should not be denied the right to assert or defend against claims as a "mere punishment." Id. at 210 (78 S.Ct. at 1094) (citing Hammond Packing Co. v. Arkansas, 212 U.S. 322, 350-51 (29 S.Ct. 370, 379-80, 53 L.Ed. 530) (1909)).
 
 
 14
 Plaintiff's counsel in this case has attempted to place his Texas predecessor in the same position as the plaintiffs in Societe Internationale who were found excused from compliance due to "inability". Texas counsel filed an affidavit in the New Jersey District Court averring that on receiving the order transferring the case to the Newark Division of the United States District Court for the District of New Jersey he "set out to find available plaintiff's counsel to associate in Newark, New Jersey"; that thereafter he received the order advising that the case had again been transferred, this time to the Trenton Division of the court; that because he was not familiar with any qualified plaintiff's counsel in Trenton, New Jersey, who had previously handled asbestos litigation he contacted one of the leading plaintiff's counsel in New York whom he understood had represented asbestos clients in the Trenton Division; that New York counsel "was out of the office for some time, as was I, and thus I was unable to reach him until on or about June 1, 1981, and he advised me that his firm would be unable to carry out such a representation"; that he was offered no other names as potential local counsel, and then called one of the leading firms in Philadelphia who handled this type of litigation but learned that both lawyers were on extended trial; that "on Friday, June 12, 1981, they referred me to Mr. Alan Aslaksen of Haddonfield, New Jersey. I finally spoke with Mr. Aslaksen on the morning of the show cause hearing and he advised the court, apparently two hours following the hearing, that he would appear as local counsel." App. at 16a-18a.
 
 
 15
 The district court refused to accept these allegations as demonstrating "inability" and we agree. At best, they show a failure to move with the dispatch which the notice and order to show cause required, and provide no basis for exculpation of plaintiff's Texas counsel on the grounds of inability.
 
 
 16
 This conclusion is not necessarily dispositive of the appeal before us. In determining whether a dismissal with prejudice is appropriate under Rule 41(b), a number of relevant factors have been identified by other courts of appeals. For example, in Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978), the court stated that when determining whether to dismiss a case, a court should balance the following factors: (1) the degree of the plaintiff's personal responsibility for the delay; (2) prejudice to the defendant occasioned by the delay; (3) any history of proceeding in a dilatory manner; and (4) effectiveness of sanctions other than dismissal. See also Ramsay v. Bailey, 531 F.2d 706 (5th Cir. 1976), cert. denied, 429 U.S. 1107, 97 S.Ct. 1139, 51 L.Ed.2d 557 (1977).
 
 
 17
 While we agree that these factors are pertinent, the approach of this court has been to eschew a listing of factors because of the great variety of situations in which this issue arises, but instead to emphasize that dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff. Furthermore, it is necessary for the district court to consider whether lesser sanctions would better serve the interests of justice. Thus, in Harris v. Cuyler, 664 F.2d at 390-91, we stated:
 
 
 18
 This court's reluctance to sustain dismissal with prejudice is exemplified by our opinion in Dyotherm Corp. v. Turbo Machine Co., 392 F.2d 146, 148-49 (3d Cir. 1968), where we held that "(d)ismissal is a harsh sanction which should be resorted to only in extreme cases." Accord, Glo Co. v. Murchison & Co., 397 F.2d 928, 929 (3d Cir.), cert. denied, 393 U.S. 939 (89 S.Ct. 290, 21 L.Ed.2d 276) (1968); Peardon v. Chapman, 169 F.2d 909, 913 (3d Cir. 1948). Other courts of appeals have held that dismissal with prejudice should be ordered under Rule 41(b) "only in the face of a clear record of delay or contumacious conduct by the plaintiff," Durham v. Florida East Coast Ry. Co., 385 F.2d 366, 368 (5th Cir. 1967), or "upon a serious showing of willful default." Gill v. Stolow, 240 F.2d 669, 670 (2d Cir. 1957). See also Mitchell v. Beaubouef, 581 F.2d 412 (5th Cir. 1978), cert. denied, 441 U.S. 966 (99 S.Ct. 2416, 60 L.Ed.2d 1072) (1979); Moore v. St. Louis Music Supply Co., Inc., 539 F.2d 1191, 1193 (8th Cir. 1976); Finley v. Parvin/Dohrmann Co., Inc., 520 F.2d 386, 391 (2d Cir. 1975); Syracuse Broadcasting Corp. v. Newhouse, 271 F.2d 910, 914 (2d Cir. 1959).
 
 
 19
 The uncontradicted evidence in this case is that plaintiff's Texas counsel, while dilatory, did not engage in contumacious conduct. He did proceed to make an effort to locate local counsel within the necessary time. Thus, no willfulness is "mirrored in the record", as was the case in DiGregorio v. First Rediscount Corp., 506 F.2d 781, 788 (3d Cir. 1974), on which appellees rely. In fact, it appears that Texas counsel did reach New Jersey local counsel before the return time of the order to show cause, and that only because of local counsel's engagement elsewhere was he unable to appear before Judge Ackerman at the appointed time. Furthermore, we believe it is of some significance that the nature of the noncompliance was not refusal to proceed with discovery or to follow an order of the court dealing with discovery on the merits, but arose because plaintiff's case was involuntarily transferred from the district which plaintiff had chosen; that there was no allegation of any cognizable prejudice to any of the defendants; and that the motion to reinstate the complaint was filed promptly. Finally, there is no indication that the district court considered imposition of some lesser sanction. See Note, Civil Procedure-Power of Federal Courts to Discipline Attorneys for Delay in Pre- trial Procedure, 38 Notre Dame Lawyer 158 (1963).
 
 
 20
 We have found very few cases where a complaint was dismissed for failure to promptly secure local counsel. However, a recent case decided by the Fourth Circuit is almost "on all fours" with the one before us. In vacating the district court's dismissal of a transferred diversity action for failure to retain local counsel, the court stated:
 
 
 21
 Here we find no personal responsibility on the part of the client to obtain local counsel and very little prejudice to the defendants. Additionally, we know of sanctions less drastic than dismissal. Thus, the only question in this case is whether there is a pattern of deliberate dilatory action on the part of plaintiff's attorney. The record does not reveal any such deliberate action. Plaintiff's Illinois lawyer thought he had retained local counsel and was proceeding on the assumption that he had. Because he was moving his office, he was unable to respond in a timely manner to the court's orders of April and May and could not contact local counsel with appropriate instructions. We see sloppiness, perhaps, but certainly no history of deliberately proceeding in a dilatory fashion.
 
 
 22
 We remand to the district court to allow the appearance of local counsel for the plaintiff. The judge may take sanctions of a less drastic nature, such as payment of costs, attorneys' fees, or dismissal without prejudice. See Bush v. United States Postal Service, 496 F.2d 42, 45 (4th Cir. 1974).
 
 
 23
 Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982) (per curiam) (emphasis in original). A similar result was reached in Connolly v. Papachristid Shipping Ltd., 504 F.2d 917, 920 (5th Cir. 1974), where the Fifth Circuit reversed a dismissal for failure to prosecute and failure to timely secure local replacement counsel. Plaintiff, a foreign seaman from the British West Indies, made substantial efforts to comply with the court's order to secure new local counsel in Mobile, Alabama but failed to meet the court's deadline. The court of appeals concluded that the plaintiff's delay had not been "contumacious and vexatious" and that the "ultimate sanction" of dismissal with prejudice was not appropriate. Similar factual considerations support our conclusion in this case. In particular, we think that the principles disfavoring dismissals with prejudice apply with special force in cases where the misconduct upon which a dismissal with prejudice is sought to be predicated is the failure of a plaintiff to obtain local counsel in a transferred action.
 
 
 24
 For the foregoing reasons, we will vacate the order of dismissal and remand this matter to the district court with directions to permit reinstatement of the complaint and to consider whether any sanction, short of dismissal, should be imposed for the failure to promptly secure local counsel. Costs are to be assessed against appellant.
 
 
 
 [1]
 Rule 37 covers sanctions for failure to make discovery and is the appropriate rule to use when dismissal is based on noncompliance with a discovery order. Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers, 357 U.S. 197, 207, 78 S.Ct. 1087, ----, 2 L.Ed.2d 1255 (1958)
 
 
 [2]
 See Quality Prefabrication, Inc. v. Daniel J. Keating Co., 675 F.2d 77, 81 (3d Cir. 1982) providing "that in the future a dismissal of a complaint with prejudice as a Rule 37 sanction must be accompanied by some articulation on the record of the court's resolution of the factual, legal, and discretionary issues presented."