Thomas E. TITUS, Plaintiff,

v.

MERCEDES BENZ OF NORTH
AMERICA, Defendant.

Civ. A. No. 81–236.

United States District Court,
D. New Jersey.

Dec. 22, 1982.

Hilton Davis, Newark, N.J., for plaintiff.

Allan G. Freund, Montvale, N.J., for defendant.

OPINION

H. LEE SAROKIN, District Judge.

The previous judgment of this court in dismissing the complaint has been vacated and remanded for further consideration in light of *Donnelly v. Johns-Manville Sales Corp.,* 677 F.2d 339 (3d Cir.1982).

The Court of Appeals, in a kindly effort to excuse this court for dismissing this action, suggests that this court should be forgiven because the dismissal preceded the Third Circuit's decision in *Donnelly.* The *Donnelly* case required that the "district court must first consider whether less severe sanctions would serve the ends of justice." *Titus v. Mercedes Benz of North America,* 695 F.2d 746, 747 (3d Cir.1982).

The appellate court mistakenly concludes that not "having the benefit of *Donnelly,* the district court dismissed without considering the availability of such sanctions; at least the record does not reflect that consideration." *Id.* at 747.

First of all, this court did not need the *Donnelly* decision to know that dismissal is a drastic remedy, a last resort, to be utilized only where other alternatives have failed. Secondly, other alternatives were considered and are articulated so clearly that it is difficult to comprehend how they could not be gleaned from the one paragraph report and recommendation of the magistrate which was adopted by the court. As Judge Garth suggests in his dissent, more words could have been used but the meaning could not be clearer.[1]

If clarification is required, it is as follows:

1. Plaintiff received three months advance notice of a pretrial conference and the requirements thereof.

2. Counsel for plaintiff appeared on June 8, 1981 unprepared to proceed as the notice directed.

3. The court considered alternatives other than dismissal.

---

1. Judge Garth's hypothetical findings accurately track the true ones.

4. The court, as an alternative to dismissal, adjourned the pretrial conference another three months so as to afford the plaintiff another opportunity to comply and ordered him to do so.

5. On September 10, 1981 counsel for plaintiff appeared and again was unprepared to proceed.

6. The court considered alternatives other than dismissal.

7. The court, as an alternative to dismissal, adjourned the pretrial conference for another month so as to afford plaintiff another opportunity to comply and ordered him to do so.

8. On October 15, 1981 counsel for plaintiff appeared and again was unprepared to proceed.

9. The court considered alternatives other than dismissal.

10. The court, as an alternative to dismissal, again adjourned the pretrial conference to a date *requested by plaintiff's counsel* and ordered him to be prepared to proceed.

11. On October 22, 1981, the date selected by plaintiff's counsel, *he did not appear* and did not comply with the court's directive.

12. The court considered alternatives to dismissal and found that there were none.

13. In addition to failing to properly prepare for the pretrial conference, plaintiff did not respond to discovery.

14. After giving plaintiff numerous opportunities to comply and numerous directives to do so, the case was and again is dismissed for lack of prosecution, willful violation of court rules and orders, contumacious conduct and intentional delay based upon the undisputed and clear record in this matter.

No attempt will be made to defend Judge Fullam's dictum and attack upon this district's pretrial procedures. They have been successful in expediting the calendar of this court and the trial of all those matters which have undergone the process. They seek nothing which competent counsel would not ultimately be required to do in preparation for trial. Admittedly those procedures may be onerous and burdensome in certain simple cases. It would be difficult to fashion a notice for each case in advance, particularly since most of the essential information comes from the pretrial itself.

Suffice it to say, the court agrees with Judge Fullam's comment that if an application had been made to have the requirements reduced, it would have been granted. No such request was made.

The sad fact is that many suits are instituted with no intention of pursuing them to trial. Counsel hope for an early settlement and failing that, avoid any further investment of time and energy. The pretrial conference compels counsel to prepare and come to grips with the action.

Recognizing that we have the right to use the proverbial ruler on counsel's knuckles, courts are reluctant to play the role of disciplinarian. Rather than fine, reprimand or otherwise sanction this counsel, the court afforded him four adjournments and four opportunities to comply, and he failed to do so.

We can beg, cajole, threaten and impose sanctions, but the ultimate responsibility for preparing and presenting a litigant's case must rest with counsel and not with the court. Such is the nature of the adversary system.

The magistrate in this case extended every possible courtesy and consideration to counsel. Rather than imposing fines and costs or other sanctions, counsel was granted repeated adjournments and afforded the opportunity to cure his deficiencies. Having failed in each and every instance to comply and having been warned of the consequences, the magistrate had no alternative but to impose the ultimate sanction of dismissal.

If the magistrate's determination in this respect were rejected, then the power and ability of the magistrates to move and dispose of the matters before them would be effectively destroyed. It is only with great

reluctance that any court would dismiss a case because of pretrial failures or deficiencies. However, it is difficult to conceive of a case where such action could be better justified.

Except as modified by this opinion, the report and recommendation of the magistrate is adopted. Ample authority for same is to be found in the cases cited in the learned dissent of Judge Garth. (*Id.* at 754–764).