

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-1-2002

# Ciaverelli v. Stryker Med

Precedential or Non-Precedential:

Docket 0-2873

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Ciaverelli v. Stryker Med" (2002). *2002 Decisions.* Paper 141.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/141

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

- - -

THERESA CIAVERELLI,  :  NO. 00-2873
        Appellant  :
                                  :
          v.  :  Philadelphia,
Pennsylvania
                                  :  February 4, 2002
STRYKER MEDICAL, a division  :  Civ. No.99-cv-04745
of STRYKER CORPORATION,  :
CONSTA CARE, JOHN DOE BED  :
MANUFACTURER, JOHN DOE BED  :
DISTRIBUTOR  :
. . . . . . . . . . . . . . . .

BENCH OPINION
BEFORE: HONORABLE EDWARD R. BECKER, CHIEF
JUDGE
UNITED STATES COURT OF APPEALS
HONORABLE THEODORE A. McKEE
UNITED STATES COURT OF APPEALS JUDGE
THE HONORABLE MARYANNE TRUMP BARRY
UNITED STATES COURT OF APPEALS JUDGE

- - -

APPEARANCES:

        DEBBIE A. CARLITZ, ESQUIRE (ARGUED)
        Carlitz & Eisenberg
        826 Bustleton Pike, Suite 104
        Feasterville, PA  19053
        -- Counsel for Appellant

        JOSEPH M. PROFY, ESQUIRE (ARGUED)
      ROBERT A. NICHOLAS, ESQUIRE
        Reed Smith Shaw & McClay
        2500 One Liberty Place
        1650 Market Street
        Philadelphia, PA  19103
        -- Counsel for Appellee

- - -

Transcribed by:  Geraldine C. Laws, CET

(Proceedings recorded by electronic sound recording;
transcript provided by AAERT-certified transcriber.)

(The following occurred in open court:)

THE HONORABLE JUDGE BECKER: The panel has conferred and concluded that we are in as good a position to decide this case now as we will ever be. There is nothing here which requires a precedential opinion; the case simply involves the application of the facts of record to settled principles, so there would be no point to our writing an opinion for publication. Accordingly I will now deliver the opinion and judgment of the Court from the bench. And under our practice this will be sent to a reporter and it will be transcribed and ultimately filed of record in written form.

This is an appeal from an order of the District Court dated August 29th, 2000 which states only that "Upon consideration of defendant's motion to dismiss for failure to comply with court orders compelling discovery, and following telephone conference call in this matter on July 18th, 2000, and the expiration of a 30-day extention of time given to plaintiff at that time, it is hereby ordered that the defendant's motion to dismiss is granted and plaintiff's

Complaint is dismissed in its entirety with prejudice. See

Federal Rule of Civil Procedure 37(b)(2)(C)."

It is the considered judgment of the panel that this articulation does not satisfy the rigorous standards established by this Court for sanctions dismissals. We have made it clear that dismissal with prejudice is an extreme

3

sanction for only the most egregious cases. See, e.g., Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 866 (3rd Cir. 1984). We have said that "dismissal is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff. Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 342 (3rd Cir. 1982)."

Now, we understand that we review the order of the District Court for abuse of discretion which means that our review is deferential. But in deciding whether or not a District Court has abused its discretion, we are guided by

the manner in which the Court balanced the Poulis factor, and whether the record supports its finding. Poulis laid out six factors to be considered by District Court in determining whether to dismiss pursuant to Rule 37. I need not burden the record by listing the six factors, because all of us are familiar with them.

The problem with the order of the District Court in this case is that there has been no articulation by the District Court of the Poulis factors. And in similar situations where there has been no articulation, we have required a remand to the District Court. See, e.g., Titus v. Mercedes Benz of North America, an opinion that I authored, 695 F.2d 746, 749 and 50 (3rd Cir. 1982).

Judge Joyner is a very able member of the District

Bench, a man whom we all admire and respect. But just as it was said of the great Homer, that Homer nods, in this case

Judge Joyner nodded and acted a little precipitously. I note that the panel is not certain that he had all the facts before him in terms of what plaintiff's counsel had done. And indeed we have serious doubt that a clear balancing of the Poulis factors would have justified a dismissal, especially in light of the concession that counsel for appellee was constrained to make at oral argument this morning that there really is no information other than the matter of the correct serial number of the bed, to which I will turn in a moment, that the defendant does not now have.

Now, we will surely not pin any medals on plaintiff's counsel for celerity or diligence in getting the material to the defense. She acted here more like the tortoise than the hare, but ultimately she did get them what they needed.

With respect to the serial number of the bed, it appears from our colloquy this morning that notwithstanding the defense remonstration that it has been five years and that she had all of this time, plaintiff's counsel represented that they fairly believed to have the correct serial number and were pursuing the location of the bed with the officials at St. Mary's Hospital, that they had made

requests for information, but were stonewalled and did not

have an opportunity to pursue it by discovery because the sanctions dismissal intervened.

We have some doubts under the circumstances as to whether the history of dilitoriness would justify sanctions. There does not appear to us to be willfulness and bad faith on the part of the plaintiff's counsel or real responsibility on the plaintiff. While we're not sure the Complaint is meritorious because we don't know what will happen with the bed, we certainly cannot resolve this issue at this point.

At all events, if plaintiff fails to locate the bed after discovery, this will be an appropriate matter for the Court to take up on summary judgment.

Accordingly, we conclude that our cases constrain us to conclude that the District Court abused its discretion in ordering the case dismissed as a sanction. It made no

findings, it did not do the balancing, and it indeed did not conclude that lesser sanctions would better serve the interests of justice which is another of our requirements. Whether or not lesser sanctions are in order in this case is a matter that we leave to the District Court on remand. Appellee's counsel has pointed out that some of the cases that plaintiff has cited and that I have adverted to in this bench opinion were cases where the dismissal was sua sponte, but those opinions nonetheless clearly set forth Circuit law and have been adopted in cases where the dismissal was not

6

sua sponte.

Accordingly, the order of the District Court will be reversed and the case remanded to the District Court for further proceedings. Costs will be taxed against the appellee. This constitutes the opinion and judgment of the Court, but the formal opinion and judgment will follow.

Judge McKee, do you have anything to add or do you

concur in the opinion as delivered?

HONORABLE JUDGE McKEE:  I concur; nothing to add.

HONORABLE JUDGE BECKER:  Judge Barry?

HONORABLE JUDGE BARRY:  I concur; nothing to add.

HONORABLE JUDGE BECKER:  Very well.

Thank you, and the crier will notify whoever is in charge of processing bench opinions.  Thank you very much.

(Conclusion of bench opinion)

_____

TO THE CLERK:

　　Please file the foregoing Opinion.

　　　　　　　　　　BY THE COURT:


　　　　　　　　　　　　/s/ Edward R. Becker
　　　　　　　　Chief Judge