**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2500
_____

SAMEECH RAWLS,

Appellant

v.

GIBBS, Kitchen Staff Member, SCI Greene; MICHAEL GUYTON, Unit Manager, SCI
Greene; ROBERT GILMORE, Facility Manager, SCI Greene; MR. CUMBERLEDGE,
Safety Manager, SCI Greene; CAPTAIN DURCO, Security, SCI Greene
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(W.D. Pa. Civil Action No. 2-16-cv-01438)
Magistrate Judge: Honorable Lisa P. Lenihan
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 9, 2018

Before: GREENAWAY, JR., BIBAS and ROTH, Circuit Judges

(Opinion filed: November 1, 2018)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se appellant Sameech Rawls appeals the District Court's dismissal of his complaint for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). For the reasons that follow, we will vacate the District Court's judgment and remand the case for further proceedings consistent with this opinion.

In November 2016, Rawls filed a pro se complaint raising claims pursuant to 42 U.S.C. §§ 1983, 1985, and 1986. Rawls is incarcerated at the State Correctional Institution at Greene; he claims that five institutional defendants violated his constitutional rights in various ways during his incarceration. Defendants moved to dismiss his complaint on February 23, 2017. The District Court set a briefing schedule the following day, giving Rawls an opportunity to respond to the motion or file an amended complaint by March 17. When Rawls did not respond, the District Court set a new deadline of June 23, 2017. It warned Rawls that if he did not respond to the District Court's order, his case would be dismissed for failure to prosecute. It did not specify whether the dismissal would be with or without prejudice. Rawls did not submit a response or an amended complaint by the deadline.

On June 29, 2017, the District Court entered an order dismissing Rawls' complaint with prejudice pursuant to Federal Rule of Civil Procedure 41(b). Rawls timely appealed and both he and appellees have submitted briefs for our review.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's dismissal of Rawls' complaint pursuant to Federal Rule of Civil

2

Procedure 41(b) for an abuse of discretion.  Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).

A district court may dismiss an action sua sponte if a litigant fails to comply with a court order or prosecute his or her case.  Fed. R. Civ. P. 41(b); see Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982) (holding that Rule 41(b) authorizes "sua sponte dismissals by [a] court . . . on the same basis as it authorizes dismissals upon motion of [a] defendant").  Before a court does so, it must consider the following six factors:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary[;] . . . 3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal[;] . . . and (6) the meritoriousness of the claim or defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also United States v. $8,221,877.16 in U.S. Currency, 330 F.3d 141, 161 (3d Cir. 2003) ("We have opined that [the Poulis] factors must be weighed by a district court in determining whether the harsh sanction of dismissal is justified.").

"Dismissal must be a sanction of last, not first, resort."  Poulis, 747 F.2d at 869. "While we defer to the discretion of the district court, we are mindful that dismissal with prejudice is only appropriate in limited circumstances" and "requires that we carefully review each such case to ascertain whether the district court abused its discretion in applying such an extreme sanction . . . and in this review doubts should be resolved in favor of reaching a decision on the merits."  Adams v. Trustees of N.J. Brewery Emp.'s

3

Pension Tr. Fund, 29 F.3d 863, 870 (3d Cir. 1994) (internal quotation marks and citation omitted). In the rare case where a party has willfully engaged in "contumacious" conduct, courts may dismiss a case without first analyzing the Poulis factors. See Guyer v. Beard, 907 F.2d 1424, 1429-30 (3d Cir. 1990).

In this case, the District Court did not address the Poulis factors in its dismissal of Rawls' case with prejudice. It did not describe any willful action by Rawls that constituted sufficiently "contumacious" conduct to warrant that sanction. See Ali v. Sims, 788 F.2d 954, 958 (3d Cir. 1986) (concluding that a "lone remark that defendants had 'brazenly ignored' the court's [earlier] order is insufficient to justify" a sua sponte issue-dispositive sanction); cf. Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir. 1994) (dismissal without consideration of the Poulis factors was not an abuse of discretion where a plaintiff "willfully refused to prosecute her remaining claims after receiving an adverse ruling by the district court" as it was "difficult to conceive of what other course the court could have followed"); Guyer, 907 F.2d at 1430 (dismissal without consideration of the Poulis factors was appropriate where a plaintiff repeatedly and actively indicated "that he had no intention of signing a . . . form in order to communicate with the court pending the adjudication of his claims," making "adjudication of the case impossible"). The Court also did not consider whether any lesser sanction would have "furthered the interests of justice." See Guyer, 907 F.2d at 1430.

Accordingly, the District Court abused its discretion in dismissing Rawls' case with prejudice. Thus, we will vacate the District Court's June 29, 2017 order and remand

4

the case for further proceedings consistent with this opinion.[1]

---

[1] Although appellees ask us to conduct our own analysis of the <u>Poulis</u> factors, we decline to do so as it "would require factual findings not within the parameters of our review." <u>Livera v. First Nat. State Bank of N.J.</u>, 879 F.2d 1186, 1194 (3d Cir. 1989). We note, for example, that there is nothing in the record before us to support appellees' contention that Rawls' non-responsiveness constituted "willful and deliberate defiance" of the District Court's orders. <u>See</u> Appellees' Br. at ECF p. 16. Rawls represents that he is mentally impaired, relies on assistance to submit his filings, and has been unable to access his legal paperwork while he has been in disciplinary segregation. <u>See</u> Appellant's Br. at ECF p. 4. If, on remand, the District Court again considers dismissal under Rule 41(b), it "should balance all six of the relevant factors." <u>United States v. $8,221,877.16 in U.S. Currency</u>, 330 F.3d 141, 162 (3d Cir. 2003). "[I]t is imperative that the District Court have a full understanding of the surrounding facts and circumstances pertinent to the <u>Poulis</u> factors before it undertakes [an] analysis." <u>Briscoe v. Klaus</u>, 538 F.3d 252, 258 (3d Cir. 2008).