**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2704
_____

ANDREW FIELDS,
                              Appellant

v.

FEDERAL BUREAU OF PRISONS; PAEDRO, Educational Supervisor; DRESSLER,
Unit Manager; CHAPPELL, Correctional Officer; HESS, Correctional Officer;
STROUD, Correctional Officer; DITZ, Counselor; BARTH, Nurse; JENNIFER
ENIGKT, S.M.U. Psychologist; GILIGAN, Correctional Officer;  POTTER, Nurse;
BENEDICT, Correctional Officer; FARMINGER, Nurse; SCOTT, Lieutenant;
CAPTAIN J  RHODES; WARDEN LEWISBURG USP; TROUTEMAN, Lieutenant;
WILSON, Lieutenant; LEONOWICK, Lieutenant; ROBINSON, Nurse
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-00306)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 13, 2019
Before:  KRAUSE, SCIRICA, and NYGAARD, Circuit Judges

(Opinion filed: September 18, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Andrew Fields appeals the District Court's sua sponte dismissal of his case for failure to prosecute. For the following reasons, we will vacate the District Court's judgment and remand for further proceedings.

On February 5, 2018, Fields filed a civil rights action against numerous prison officials and guards, asserting various claims of harassment by the Federal Bureau of Prisons while incarcerated.[1] On April 17, 2018, one month after most of the named defendants were served, Fields filed a motion to file a "supplemental complaint," which included additional defendants and claims. Dkt. #20.

On April 18, the District Court issued an order, construing Fields's motion as a motion to amend his complaint and granting him until May 9, 2018, to file one complete and all-inclusive complaint. Within the District Court's order were, among other things, directions on how Fields was to file a complaint in accordance with Federal Rule of Civil Procedure 8 and a directive for the Clerk of Court to supply Fields with two copies of the court's form order for filing an action pursuant to 42 U.S.C. § 1983. See Dkt. #23.

On April 30, prior to the deadline for filing the amended complaint set by the District Court, Fields filed a motion to stay proceedings and for an extension of time. Dkt. #24. In his motion, Fields claimed that he was facing harassment as a form of retaliation for filing his complaint, including being placed in restraints, sprayed with pepper spray, and being denied access to his legal papers and other materials (including

_____

[1] He also filed a motion for a temporary restraining order or preliminary injunction on February 26, 2018.

2

stamps).  On May 9, the District Court granted Fields an extension, but did not address his allegations of harassment/retaliation.  Dkt. #25.  The court set the deadline to file the amended complaint for May 28, 2018.

On June 1, Fields filed a "motion for reconsideration" that also included new claims of harassment.  Dkt. #26.  In this filing, Fields noted that the court forms given to him by the District Court's April 18 order were confiscated from his cell by prison guards (some of whom were named defendants), along with his prescription eye glasses.  On June 7, the District Court granted Fields until June 28 to file the amended complaint and ordered that no further extensions would be granted.  In its one-page order, the District Court did not substantively address or acknowledge Fields's claims of difficulty in litigating, and construed the filing as "merely seek[ing] additional time to file [his] amended complaint."  Dkt. #27.

On June 18, Fields filed a "Motion Seeking Order to be re-issued Confiscated Legal Documents."  Dkt. #28.  In this filing, Fields re-iterated that the court-issued documents provided by the District Court's April 18 order and his reading glasses were confiscated, and asked the court to re-issue those documents to him so that he could comply with the District Court's June 7 order.  See Dkt. #28.

On July 20, 2018, the District Court sua sponte dismissed Fields's complaint for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).  The District Court did not address Fields's claims of harassment and considered his failure to file an amended complaint as evidence of his history of dilatoriness.  Before dismissing the complaint, the District Court never addressed Fields's

3

motion for a temporary restraining order or injunctive relief.  Fields timely appealed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  We review the District Court's sua sponte decision to dismiss a case pursuant to Rule 41(b) for an abuse of discretion.  Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008).  "While we defer to the District Court's discretion, dismissal with prejudice is only appropriate in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits."  Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002).

Under Rule 41(b), a district court may punitively dismiss an action if a litigant has failed to prosecute or to comply with a court order.  See Fed. R. Civ. P. 41(b).  A court must justify its decision under the multi-factor balancing test stated in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).  Under Poulis, a court must weigh: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense."  Id. at 868 (emphasis removed).  Dismissals with prejudice are drastic sanctions; accordingly, a "[d]ismissal must be a sanction of last, not first, resort."  Id. at 869.

We have advised that a district court dismissing a case sua sponte "should use caution in doing so because it may not have acquired knowledge of the facts it needs to make an informed decision."  Briscoe, 538 F.3d at 258.  In such cases, a district court "should provide the plaintiff with an opportunity to explain his reasons for failing to

4

prosecute the case or comply with its orders prior to dismissing a case sua sponte." Id. While there is no "magical formula" or "mechanical calculation" in evaluating a Rule 41(b) dismissal, "we have never upheld a court's dismissal when it was supported by an inadequate foundation on even one of the Poulis factors." Hildebrand v. Allegheny County, 923 F.3d 128, 137 (3d Cir. 2019).

Here, it appears that the District Court based its decision to dismiss the case primarily, if not solely, on Fields's noncompliance with the orders directing the filing of his amended complaint. The District Court determined that Fields's noncompliance was evidence of a history of dilatoriness, which in its view outweighed the other Poulis factors. While the District Court explained that it analyzed all of the Poulis factors, its analysis of those factors was cursory and, based on our review of the record, rested on an insufficient factual foundation.[2] See Briscoe, 538 F.3d at 258 ("To determine if the District Court abused its discretion in dismissing the case, 'we will be guided by the manner in which the trial court balanced the [Poulis] factors, . . . and whether the record supports its findings[.]").

As to the extent of Fields's personal responsibility, the District Court never addressed Fields's claim of harassment, which was the alleged cause of his inability to file the amended complaint (as well as one of the foundations for his initial complaint).[3]

---

[2] The memorandum opinion gives one-sentence conclusions, without explanations, for the first five factors, and does not give any analysis on the sixth factor.

[3] In a footnote, the District Court briefly acknowledged Fields's claim that the legal documents provided by the court's April 18 order were confiscated. Nevertheless, it summarily concluded that this was "nothing more than another dilatory tactic" which was considered by the court in its June 7 order. Dkt. #29 at 2. However, as noted above, the

Moreover, the District Court never sought any explanation from Fields or the Defendants regarding the alleged interference with Fields's ability to litigate. An Order to Show Cause asking for reasons why dismissal would be inappropriate would have allowed Fields an opportunity to be heard, forced the Defendants to respond to the allegations of their interference with his litigation, and provided the District Court with the facts it needed to make an informed decision. See id. Instead, the District Court made unsupported assumptions as to Fields's actions, which permeated into the rest of its analysis and weighing of the Poulis factors.

For example, the District Court's finding of prejudice rested on the factual conclusion that Fields was purposefully delaying the filing of his amended complaint. But according to Fields, his inability to file an amended complaint stemmed, in part, from some of the named Defendants' own actions, including confiscating the forms Fields was supposed to use to file his amended complaint. Under Fields's facts, the Defendants themselves caused any prejudice they may have suffered. Again, the District Court did not provide an opportunity for Fields to be heard so as to make an informed decision on this factor. See id.

Similarly, the District Court's conclusion that Fields was dilatory was predicated on its finding that Fields was purposefully delaying his filing of an amended complaint.

District Court's June 7 order was a single page, which did not substantively address or acknowledge Fields's claims of difficulty in litigating, and construed Fields's filing as "merely seek[ing] additional time to file [his] amended complaint." Dkt. #27. While the District Court may very well have considered Fields's claims, nothing in the record shows that the District Court actually did so.

However, as noted above, the District Court did not provide Fields an opportunity to explain his inability to file, and did not respond to Fields's requests to re-issue the forms from its April 18 order so that he could submit an amended complaint. Indeed, Fields consistently attempted to inform the District Court of the problems he was having in litigating the case, but these pleas were never substantively addressed and were instead deemed "nothing more than another dilatory tactic" by the District Court. Dkt. #29 at 2.

Moreover, even assuming some purposeful delay on Fields's part, it is not clear that alone outweighed all of the other Poulis factors given the record before us. This case was pending only a few months when Fields filed his motions for extension of time over the course of two to three months. Cf. Adams v. Trs. of N.J. Brewery Emps.' Pension Tr. Fund, 29 F.3d 863, 875 (3d Cir. 1994) (agreeing that the failure to prosecute *for more than four years* amounted to a history of dilatoriness). As illustrated above in the procedural history, only one of these motions was filed out of time, and Fields was generally attentive/responsive to the District Court's orders. See Briscoe, 538 F.3d at 261 ("[C]onduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness." (internal quotation marks omitted)); see also Scarborough v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984) (finding that, although the plaintiff's pretrial documents were "filed inexcusably late," it was not the same history of dilatoriness present in Poulis); Donnelly v. Johns–Manville Sales Corp., 677 F.2d 339, 343 (3d Cir. 1982) (reinstating plaintiff's case where the plaintiff acted dilatory on one occasion but no evidence existed that the plaintiff's behavior was willful).

Finally, the District Court's analysis of the Poulis factors does not comport with

7

our "clear and repeated instruction" to resolve doubts in favor of reaching a decision on the merits. See Hildebrand, 923 F.3d at 138. The District Court concluded in a single sentence that Fields's "history of dilatoriness" also constituted a "willful disregard" of the court's authority while providing no substantive analysis on this factor. Similarly, the District Court dedicated a single sentence to its holding that alternative sanctions would be ineffective to deter Fields's conduct while failing to mention any other possible alternative sanctions it considered. See id. at 136 ("A district court must consider alternative sanctions before dismissing a case with prejudice."). "While district courts need not put on the record consideration of every possible sanction before dismissing a case with prejudice," the District Court's analysis here is insufficient to honor our longstanding policy of favoring decisions on the merits. See id.

Taking all of the above into consideration, we conclude that the District Court abused its discretion in dismissing Fields's case. Consequently, we will vacate the District Court's order and remand for further proceedings consistent with this opinion.