CLD-021                                                    NOT PRECEDENTIAL

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 20-2012
_____

LUISA M. LIBERTO; JEFFREY M. LIBERTO,
                                                            Appellants

v.

GEISINGER HOSPITAL; JANET SHERMAN, Regional Director, Patient Access
Central Region; JAN LETTEER, Human Resources Generalist; CARI DEPACK,
Senior Access Rep.; THERESA PHILLIPS, Patient Access Rep.; WENDY LOW,
Manager, Patient Access Services; DR. DAVID T. FEINBERG; DIANE PARDOE,
Volunteer Coordinator; SHELLY LEE TYSON, Director of Volunteer Services;
JOSH WOLFE, Human Services Generalist; STACEY FISHER, Senior Director,
Guest Services; LISA KOBELIS, PAC; VALERIE MOHUTSKY, Manager, Workman's
Compensation
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-17-cv-02320)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

October 29, 2020
Before: RESTREPO, MATEY, and SCIRICA, Circuit Judges

_____

OPINION[*]
_____

PER CURIAM

Appellants Luisa and Jeffrey Liberto, proceeding in forma pauperis and pro se, appeal from the dismissal of their complaint for failure to prosecute. Because the appeal presents no substantial question, we will summarily affirm the judgment of the District Court with one modification. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

On December 15, 2017, Luisa Liberto and her son, Jeffrey Liberto, initiated an employment discrimination action in the District Court. The Libertos amended their complaint. The defendants filed a motion to dismiss the amended complaint or for a more definite statement under Federal Rules of Civil Procedure 12(b)(6) and (e). On August 20, 2018, the District Court granted the defendants' motion and dismissed the amended complaint without prejudice to the Libertos' filing a second amended complaint. Rather than file a new complaint, the Libertos appealed. We dismissed the appeal for failure to prosecute on February 27, 2020. See C.A. No. 18-2990.

On February 28, 2020, a Magistrate Judge ordered the Libertos to file a second amended complaint on or before March 27, 2020. The order warned them that failure to do so could result in the dismissal of the action pursuant to Federal Rule of Civil Procedure 41. The Libertos did not file a new complaint. On March 30, 2020, the

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Magistrate Judge recommended dismissing the action for failure to prosecute. The

Libertos did not file objections to the Report and Recommendation ("R&R"). The

District Court adopted the R&R and dismissed the Libertos' amended complaint with

prejudice. The Libertos appealed. In this Court, they have filed a motion for

appointment of counsel.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review

the District Court's dismissal of the amended complaint pursuant to Federal Rule of Civil

Procedure 41(b) for an abuse of discretion. Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir.

2008). Our review is

> guided by the manner in which the trial court balanced the following
> factors . . . and whether the record supports its findings: (1) the extent of the
> party's personal responsibility; (2) the prejudice to the adversary caused by
> the failure to meet scheduling orders and respond to discovery; (3) a history
> of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad
> faith; (5) the effectiveness of sanctions other than dismissal, which entails an
> analysis of alternative sanctions; and (6) the meritoriousness of the claim or
> defense.

Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis

omitted). "Each factor need not be satisfied for the trial court to dismiss a claim." Ware

v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003). Although "dismissal with

prejudice is only appropriate in limited circumstances and doubts should be resolved in

favor of reaching a decision on the merits," Emerson v. Thiel Coll., 296 F.3d 184, 190

(3d Cir. 2002) (per curiam), such decisions are given "great deference," Mindek v.

Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992), and a district court may sua sponte dismiss

for failure to prosecute, see Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341

3

(3d Cir. 1982).

We agree with the District Court's conclusion that the Poulis factors weighed in favor of dismissal. As the Magistrate Judge's thorough R&R discussed, the Libertos were given several opportunities to amend their complaint and put on notice that their failure to do so could result in dismissal. The appellants have demonstrated a pattern of seemingly intentional dilatoriness in both the District Court and this Court. Moreover, the District Court's attempted lesser sanction (i.e., dismissing the complaint without prejudice to file an amendment) was ineffective. Indeed, given the Libertos' failure to replead, "it is difficult to conceive of what other course the court could have followed." In re Westinghouse Sec. Litig., 90 F.3d 696, 704 (3d Cir. 1996) (quotation marks omitted). Thus, the District Court did not err in dismissing the Libertos' complaint.

We note, however, that the Libertos' filings in the District Court and on appeal indicate that Jeffrey is incompetent to represent himself in federal court. See, e.g., 3d Cir. ECF No. 7 at 1. Since he was not represented by counsel, the dismissal as to him should be without prejudice. See Osei-Afriyie v. Med. Coll. of Pa., 937 F.2d 876, 883 (3d Cir. 1991).

Accordingly, we will affirm the District Court's dismissal for failure to prosecute with the modification that, as to Jeffrey Liberto, the dismissal is without prejudice. The motion for appointment of counsel is denied as to both appellants.

4