**AMENDED CLD-171**                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1288
_____

BARRETT S. TUNSIL,
                                        Appellant

v.

GOVERNOR THOMAS W. WOLF; D.O.C. SECRETARY JOHN E. WETZEL;
D.O.C. DEPUTY SECRETARY SHIRLEY MOORE SMEAL; SUPERINTENDENT
THOMAS S. MCGINLEY; SGT. HOPWOOD; SGT. KOPP; DR. MOCLOCK;
DR.COOPER; SGT. SCHELL; DR. WALLACE, M.D.; PATTY, LPN,
Nurse Practitioner; MS. BURASLAW, Physician Assistant; SGT. RUDISIL;
SGT. ADAMS; LT. BROWNAWELL; LT. KRAMER; MR. DUNN; KATHY BISCOE;
FRIESE, Correctional Officer; MS. FISHER; LT. HOWELL

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:19-cv-00386)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2022

Before: AMBRO, SHWARTZ, and BIBAS, Circuit Judges

(Opinion filed: June 23, 2022)

_____

---

OPINION*

---

PER CURIAM

Barrett S. Tunsil, a Pennsylvania inmate who is proceeding pro se, appeals from the District Court's dismissal of his complaint with prejudice for failure to prosecute. We will summarily affirm.

In March 2019, Tunsil filed a complaint against Pennsylvania Governor Wolf and various prisons officials, corrections officers, and members of prison medical staff. (ECF 1.) He claimed in conclusory fashion that the defendants subjected him to physical and emotional abuse and deprived him of needed medical treatment. The District Court sua sponte dismissed the complaint under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A because it failed to comply with Federal Rule of Civil Procedure 8's mandate that the complaint contain "short and plain" statements of the claims. (ECF 14.)

Tunsil filed an amended complaint in July 2019 (ECF 16), which was served on the defendants. The defendants filed motions under Federal Rule of Civil Procedure 12(e) for a more definite statement of the allegations asserted in the amended complaint.[1] (ECF 38 & 39; 56 & 57.) Ultimately, the District Court concluded that Tunsil's amended

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] While the defendants' motions were pending, Tunsil appealed from an order denying various non-dispositive motions. (ECF 104.) The matter was temporarily stayed in the District Court while that appeal was pending. We dismissed the appeal for lack of jurisdiction in March 2021. C.A. No. 20-2563 (order entered Mar. 18, 2021).

complaint still failed to comply with Rule 8 because the "conclusory allegations of constitutional violations cannot be separated into claims against individual Defendants defined by a date and time, and are not supported by any factual allegations." (ECF 157, at 8.) Accordingly, by order entered July 21, 2021, the District Court granted the defendants' motions for a more definite statement and provided Tunsil with an opportunity to file a second amended complaint. (ECF 158.) The District Court cautioned that the failure to file a second amended complaint that complied with the Federal Rules of Civil Procedure would result in dismissal of the lawsuit. (ECF 157, at 9-10; ECF 158, at 1.)

Tunsil sought an indefinite stay of the proceedings. (ECF 163.) The District Court denied that motion by order entered August 4, 2021, and directed Tunsil to file a second amended complaint by November 2, 2021. (ECF 166.) On September 24, 2021, the District Court denied several motions filed by Tunsil and reminded him of the due date for his second amended complaint. (ECF 182.) Tunsil continued to file motions, some of which described alleged mistreatment by the defendants, but he did not file a second amended complaint. By order entered January 31, 2022, the District Court dismissed the case for failure to prosecute under Federal Rule of Civil Procedure 41(b) after weighing the factors of Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984).[2] (ECF 230.) Tunsil timely appealed. (ECF 232.)

---

[2] Although Rule 41(b) "does not explicitly provide for sua sponte dismissals," we have concluded that the rule "is broad enough to authorize such dismissals on the same basis as it authorizes dismissals upon motion of the defendant." Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 341 (3d Cir. 1982).

We have jurisdiction under 28 U.S.C. § 1291, and review for abuse of discretion a District Court's decision to dismiss a suit for failure to prosecute. See Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). We may summarily affirm if the appeal presents no substantial question. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Prior to determining that dismissal is an appropriate sanction, a District Court must balance the following six factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." Poulis, 747 F.2d at 868 (emphasis omitted). We "do not have a magic formula or mechanical calculation to determine whether a District Court abused its discretion in dismissing a plaintiff's case." Briscoe v. Klaus, 538 F.3d 252, 263 (3d Cir. 2008) (internal quotation marks omitted). "None of the Poulis factors is alone dispositive, and . . . not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." Hildebrand v. Allegheny Cnty., 923 F.3d 128, 132 (3d Cir. 2019).

We begin by noting our disagreement with the District Court's conclusion that Tunsil had a history of dilatoriness. Although he failed to file a second amended complaint during the six-month period after the District Court first directed him to do so, he did not demonstrate consistent non-responsiveness "over the life of the case." Donnelly, 677 F.2d at 343; see also Briscoe, 538 F.3d at 261 (stating that "conduct that occurs one or two times is insufficient to demonstrate a 'history of dilatoriness'" (quoting Scarborough

4

v. Eubanks, 747 F.2d 871, 875 (3d Cir. 1984))).  Nevertheless, the other Poulis factors weigh in favor of dismissal or are neutral.  In particular, the responsibility for Tunsil's failure to file a second amended complaint falls on him, as he proceeded pro se.  See Briscoe, 538 F.3d at 258-59 ("[I]t is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case . . . .").  In addition, the defendants were prejudiced because Tunsil's failure to file a second amended complaint frustrated their ability to prepare a defense.  See Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  Moreover, the record supports the District Court's finding that Tunsil "demonstrated a willful disregard for the procedural rules and this court's orders" by electing not to file a second amended complaint "despite being provided with clear instructions and plenty of time to prepare and file such complaint."  (ECF 230, at 6.)  Further, the District Court properly found that "no sanction other than dismissal would be effective or appropriate as the matter cannot move forward without an active pleading."  (Id. at 7.)  In "careful[ly] consider[ing]" this factor, the District Court accurately explained that Tunsil had "been given repeated opportunities and ample time to file a complaint that conforms with the requisite pleading standards" but "instead has used the docket as an open forum to lodge numerous grievances, but not to file a second amended complaint."  (Id. at 6-7).  We also agree that the meritoriousness-of-the-claim factor is neutral because, without a pleading that complies Rule 8, it is not possible to determine whether Tunsil's allegations would support recovery.

In sum, although dismissal under Rule 41(b) is appropriate only in limited circumstances and doubts should be resolved in favor of reaching a decision on the merits, see

5

Emerson v. Thiel Coll., 296 F.3d 184, 190 (3d Cir. 2002), the District Court did not abuse

its discretion in concluding that the Poulis factors weighed in favor of dismissal of Tun-

sil's complaint.  Accordingly, because this appeal presents no substantial question, we

will summarily affirm the District Court's judgment.[3]

---

[3] We deny Tunsil's motion for appointment of counsel (Doc. 14), his motion to add additional defendants (Doc. 16), and his motions to disqualify counsel (Docs. 25; 30).  In addition, we deny Tunsil's motion for an injunction (Doc. 20), his motions for an emergency temporary restraining order, his motion for a temporary restraining order or an injunction (Docs. 23; 24), his motions for a temporary restraining order (Docs. 27; 28; and 29), his emergency motion to be placed in federal custody (Doc. 31), and his motion for a physical examination, to disqualify counsel, and to be placed in federal custody (Doc. 32).